IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-40712 |
| DZS INC., | § | |
| | § | (Chapter 7) |
| DEBTOR. | § | |

**EXPEDITED MOTION TO REJECT LEASE**

> **EXPEDITED RELIEF HAS BEEN REQUESTED FOR A HEARING ON APRIL 10, 2025 AT 1:00 PM (CT). ANY OBJECTION TO THE RELIEF REQUESTED SHOULD BE FILED NOT LATER THAN 5:00 PM (CENTRAL TIME) ON APRIL 9, 2025.**
>
> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE _UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION_. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**COMES NOW**, Michelle H. Chow, the duly appointed and acting Chapter 7 Trustee in the above-referenced case, and files this, her *Expedited Motion to Reject Lease* ("**Motion**") and, in support thereof, would respectfully show unto the Court as follows:

## I.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue of this matter in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. § 365(a) and Fed. R. Bankr. P. 6006.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

4. On March 14, 2025 ("**Petition Date**"), DZS Inc. ("**Debtor**") filed a Voluntary Petition under Chapter 7 of Title 11 of the UNITED STATES CODE ("**Bankruptcy Code**") commencing the above-captioned case ("**Bankruptcy Case**").

5. Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for the Estate of DZS Inc. ("**Estate**").

6. Debtor acquired space for an office and lab as part of an acquisition. ("**Lease**") within the premises located at 203 Redwood Shores Parkway, Suite 100, Redwood City, CA ("**Premises**").

7. Upon information and belief, Debtor was not using the space and vacated the Premises before filing for bankruptcy protection. According to information proved by the Debtor, the Lease expires in September 2025 and, according to Debtor's Schedules, Debtor is indebted to the Landlord in the amount of $122,425.64, and the monthly rental obligations are approximately $60,000.00 per month. Given that the Debtor was not using the space pre-petition, the short time remaining on the Lease and the relatively significant cure amount and rental obligations owed, it appears unlikely that

any purchaser would want this Lease. As the Trustee is not running the business of the Debtor, she has determined in her business judgment that there is no benefit to the Estate to continue the Lease.

### III.

### RELIEF REQUESTED

8.      By this Motion, the Trustee seeks entry of an Order pursuant to § 365(a) authorizing the rejection of the Lease effective as of the Petition Date – March 14, 2025, and authorizing the abandonment of any *de minimis* equipment, furniture and other personal property remaining in the space leased in the Premises. The purpose of this Motion is to minimize administrative expenses currently burdening the Debtor's Estate and thereby benefit both the Estate and the creditors.

### IV.

### BASIS FOR RELIEF REQUESTED

9.      Section 365(a) of the Bankruptcy Code gives trustees the option to assume or reject unexpired leases without their sound business judgment. 11 U.S.C. § 365(a); *see Wainer v. A.J. Equities, Ltd.*, 984 F.2d 679, 684 (5th Cir. 1993); *In re National Gypsum Company*, 208 F.3rd 498 (5th Cir. 2000). Section 365(a) provides as follows:

> Except as provided in sections 765 and 766 of this title, and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

*See* 11 U.S.C. § 365(a).

10.     In determining whether a trustee has employed reasonable business judgment in making the decision to reject an unexpired lease, a bankruptcy court, for the most part, must only determine that the rejection will likely benefit the estate. *See, e.g., In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), aff'd sub nom *N. L. R. B. v. Bildisco & Bildisco*, 465 U.S. 513 (1984).

11. In the instant case, the Trustee's sound business judgment is obviously supporting the immediate rejection of the Lease because the Estate does not operate the business being conducted on the Premises, and there are no plans to use the Premises for any future operations. The Trustee does not believe that there is any valuable property remaining in the Premises. However, to the extent that all property has not been removed from the Premises, such property is of inconsequential value to the Estate, or the cost of removing and storing such property outweighs any potential benefit of retaining such property. Accordingly, the Trustee believes in the exercise of her sound business judgment, that the abandonment of any property that may be located in the Premises is appropriate and in the best interests of the Estate and creditors.

12. Such rejection is within the best interests of the Debtor's Estate and creditors because it enables the Trustee to terminate this obligation and thereby minimize the accrual of additional administrative expenses currently burdening the assets of the Estate. Such action will thereby benefit both the Estate and the creditors.

13. The Trustee believes that retroactive relief is appropriate. Courts have held that bankruptcy courts may allow retroactive rejection of executory contracts and unexpired leases under a "balancing of the equities" standard. *See, e.g.*, *In re CiCi's Holdings, Inc.,* No. 21-30146 (SGJ) (Bankr. N.D. Tex. Jan. 27, 2021) (approving rejection of leases as of the Petition Date); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection).

14. Here, the balance of equities favors rejection of the Lease effective as the Petition Date. Without such relief, the Estate would potentially incur unnecessary post-petition expenses

related to the Lease. Additionally, Section 554(a) the Bankruptcy Code provides that "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Any property to be abandoned at the Premises would be of inconsequential value or burdensome to the Estate. The cost of retrieving, marketing, and selling such property would outweigh any recovery the Trustee could attain therefore. Accordingly, the abandonment of such property is in the best interests of the Debtor, the Estate and creditors.

## V.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

15. The Trustee requests that the Court enter an Order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Trustee has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## VI.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Trustee herein prays that this Court enter an Order (i) authorizing the rejection of the Lease effective as of the Petition Date of March 14, 2025; (ii) authorizing the abandonment of any *de minimis* equipment, furniture, and other personal property remaining on the Premises; (iii) that the notice provisions of Rule 6004(a) and the fourteen (14) day stay pursuant to Rule 6004(h) be waived; and (iv) for such other and further relief as may be just and proper.

**DATED: March 31, 2025**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:   /s/ *Michelle E. Shriro*
     Michelle E. Shriro
     State Bar No. 18310900
     Larry A. Levick
     State Bar No. 12252600
     Todd A. Hoodenpyle
     State Bar No. 00798265

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com
Email: levick@singerlevick.com
Email: hoodenpyle@singerlevick.com

PROPOSED GENERAL COUNSEL FOR
MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and LBR 9013(f), which includes the parties as shown below, including counsel for the Landlord, on this 31st day of March, 2025.

| | |
|---|---|
| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
| **ATTORNEY FOR LANDLORD:**<br>Kevin P. Montee<br>Montee Law Firm, APC<br>1250-I Newell Ave., Suite 149<br>Walnut Creek, California 94596<br>**VIA EMAIL**: kmontee@monteefirm.com | |
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |

    /s/ *Larry A. Levick*
    Larry A. Levick