**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 25-40712** |
| DZS INC., | § | |
| | § | (Chapter 7) |
| DEBTOR. | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 25-40713** |
| DZS SERVICES INC., | § | |
| | § | (Chapter 7) |
| DEBTOR. | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 25-40714** |
| DZS CALIFORNIA INC., | § | |
| | § | (Chapter 7) |
| DEBTOR. | § | |

**EXPEDITED MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CASES**

> **EXPEDITED RELIEF HAS BEEN REQUESTED FOR A HEARING ON APRIL 10, 2025 AT 1:30 PM (CENTRAL TIME).  ANY OBJECTION TO THE RELIEF REQUESTED SHOULD BE FILED NOT LATER THAN 5:00 PM (CENTRAL TIME) ON APRIL 9, 2025.**
>
> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING.  YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

> **NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE *UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION*. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**
>
> **IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**
>
> **IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**COMES NOW**, Michelle H. Chow, the Chapter 7 Trustee, by and through her proposed counsel Singer & Levick, P.C., and files this *Expedited Motion for Entry of Order Directing Joint Administration of Cases* ("**Motion**") and, in support of same, would respectfully show as follows:

**I.**

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are Sections 105(a), 363(b)(1) and 1107(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("**Bankruptcy Code**").

## II.

## PROCEDURAL BACKGROUND

2. On March 14, 2025 ("**Petition Date**"), DZS Inc. ("**DZS**"), DZS Services Inc. ("**DZS Services**") and DZS California Inc. ("**DZS California**") (together "**Debtors**") each filed a Voluntary Petition under Chapter 7 of Title 11 of the UNITED STATES CODE ("**Bankruptcy Code**") commencing the above-captioned cases ("**Bankruptcy Cases**").

3. Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for each of the Estates of DZS Inc., DZS Services Inc. and DZS California Inc.

## III.

## RELIEF REQUESTED

4. Joint administration of these Bankruptcy Cases will avoid considerable unnecessary delay and expense by obviating the need for the Trustee to file duplicative pleadings. Further, joint administration will avoid the burdensome necessity of duplicative notices to numerous creditors. Lastly, supervision of the administrative aspects of the subject Bankruptcy Cases by the Office of the United States Trustee will be simplified by joint administration.

5. **The substantive rights of the respective creditors will not be adversely affected by the joint administration of these Bankruptcy Cases since the relief requested is purely procedural**.

6. The Trustee respectfully requests, for the convenience of all parties and the Court, that these Bankruptcy Cases be jointly administered under the case number assigned to **DZS Inc.**, and that all pleadings pertaining thereto be filed under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In re: § | |
| § | **CASE NO. 25-40712** |
| **DZS Inc.,** *et al.* [1] § | **Chapter 11** |
| § | |
| Debtors. § | **(Jointly Administered)** |

7. The Trustee further requests that this Court order that the foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

**IV.**

**BASIS FOR RELIEF**

8. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

9. Debtors are all "affiliates" – as that term is defined in Section 101(2) of the Bankruptcy Code – of each other. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. In addition, Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Trustee.

10. Given the integrated nature of the Debtors' operations, joint administration of these Bankruptcy Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. As there likely will be numerous motions, applications and other pleadings filed in these Bankruptcy Cases that will affect each of the Debtors, joint administration would significantly reduce the volume of pleadings filed with the Clerk of the Court, render the completion of

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221). The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

---

various administrative tasks less costly, and minimize the number of unnecessary delays. The entry of an Order directing joint administration of these Bankruptcy Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will, therefore, facilitate a more efficient administrative process, unburdened by various procedural difficulties anticipated in the administration of the three related Bankruptcy Cases. Finally, supervision of the administrative aspects of the cases by the United States Trustee will be simplified.

11. **Joint administration of these cases will not adversely affect the rights of the Debtors' respective creditors because the relief sought is purely procedural**. Each Debtor's assets will remain segregated in its individual Estate, and each creditor will be instructed to file claims against only the Debtor or Debtors allegedly liable therefore. In fact, parties-in-interest will be better able to preserve their rights because they will be entitled to receive notices in all three of the Debtors' respective proceedings. Lastly, joint administration will likely enhance the potential distribution to creditors by reducing the cost associated with administering separate cases and thereby preserving the assets of the Estates.

12. The entry of joint administration orders in multiple related cases such as these is common in this District. By reason of the foregoing, the best interests of the Debtors and their creditors would be served by joint administration of the above Bankruptcy Cases.

V.

PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Michelle H. Chow, Chapter 7 Trustee, respectfully requests entry of an Order directing the above entitled and numbered cases be jointly administered under Case Number 25-40712 assigned to DZS Inc., and granting such other and further relief as the Court deems just and proper.

**DATED: April 3, 2025**

                Respectfully submitted,

                SINGER & LEVICK, P.C.

                By:    /s/ *Michelle E. Shriro*
                        Michelle E. Shriro
                        State Bar No. 18310900
                        Larry A. Levick
                        State Bar No. 12252600
                        Todd A. Hoodenpyle
                        State Bar No. 00798265

                16200 Addison Road, Suite 140
                Addison, Texas 75001
                Phone: 972.380.5533
                Fax: 972.380.5748
                Email: mshriro@singerlevick.com
                Email: levick@singerlevick.com
                Email: hoodenpyle@singerlevick.com

                PROPOSED GENERAL COUNSEL FOR
                MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and LBR 9013(f), which includes the parties as shown below, on this 3rd day of April, 2025; and to the parties on the attached Service List via first class mail, postage prepaid, on the 4th day of April, 2025.

| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
|---|---|
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |

    /s/ *Michelle E. Shriro*
    Michelle E. Shriro