IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | (Chapter 7) |
| | § | |
| DZS INC.,[1] | § | CASE NO. 25-40712 |
| | § | |
| DEBTOR. | § | (Joint Administration Requested) |

**EXPEDITED MOTION FOR AUTHORITY TO ENTER INTO A
CONSULITNG AGREEMENT WITH NORMANDY LANE, LLC**

> **EXPEDITED RELIEF HAS BEEN REQUESTED FOR A HEARING ON APRIL 10, 2025 AT 1:30 PM (CENTRAL TIME). ANY OBJECTION TO THE RELIEF REQUESTED SHOULD BE FILED NOT LATER THAN 5:00 PM (CENTRAL TIME) ON APRIL 9, 2025.**
>
> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE _UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION_. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221). The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

---

> **IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**
>
> **IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**COMES NOW**, Michelle H. Chow, the Chapter 7 Trustee in the above-referenced Chapter 7 case, by and through her counsel Singer & Levick, P.C., and files this, her *Expedited Motion for Authority to Enter Into A Consulting Agreement With Normandy Lane, LLC* ("**Motion**") and, in support thereof, would respectfully show unto the Court as follows:

1. On March 14, 2025 ("**Petition Date**"), DZS Inc. ("**Debtor**") filed a Voluntary Petition under Chapter 7 of Title 11 of the UNITED STATES CODE ("**Bankruptcy Code**") commencing the above-captioned case ("**Bankruptcy Case**").

2. Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for the Estate of DZS Inc. ("**Estate**").

3. Prior to the Petition Date, Debtor was a large publicly traded telecom business which developed hardware and software systems enabling broadband usage. The Debtor has a significant portfolio of assets consisting of inventory, contracts, equipment, receivables, patents and other intellectual property, which the Debtor valued on its schedules as being worth millions of dollars. . This is not a typical chapter 7 case and the assets are larger and much more complex than a typical chapter 7 case. Also, since the Debtor is a telecom company, the assets are of a highly technical nature.

4. The Trustee will be marketing and selling the assets. Due to the complex, highly technical nature of the assets, the Trustee requires specialized expertise and the Trustee's requests

and needs go beyond a typical chapter 7 case. The former CEO, Charles Vogt, is interested in assisting the Trustee in marketing and selling the assets. Mr. Vogt has 25 years in the telecom industry and was the CEO of the Debtor for more than 4 ½ years. During his time as CEO of the Debtor, Mr. Vogt was actively engaged with other telecom companies regarding potential acquisitions or dispositions, and in the prior twelve months, Mr. Vogt led the disposition by the Debtor of two business lines which resulted in a combined gross purchase price in excess of $40 million.

5.    As a result of Mr. Vogt's history and familiarity with assets of the Estate, the Trustee has determined that it would be in the best interest of the Estate and its creditors to enter into a direct contract with Mr. Vogt's consulting company to assist the Estate so that the assets of the Debtor can be marketed without any further delay. Mr. Vogt's company is called Normandy Lane, LLC ("**Normandy**"). Although it is unusual for a Trustee to retain a Debtor's executive to perform this service, the Trustee believes that he is the right person under the circumstances due to his familiarity with the assets of the Debtor, the technical nature of the assets, and the speed at which the sale needs to happen. Mr. Vogt is not seeking any payment but rather just a commission of 1% of the total cash receipts actually received by the Trustee for the sale of the Estate's assets and funded out of the funds that are actually received by the Trustee.

6.    The Trustee is requesting Court approval so that she can enter into a Consulting Agreement ("**Agreement**") with Normandy to assist with the sale process. Attached hereto as **<u>Exhibit A</u>** is a true and correct copy of the proposed Agreement. Section 363(b) of the Bankruptcy Code provides that after notice and hearing, the Trustee may use, sell or lease, other than in the ordinary course of business, property of the Estate. This Motion is not filed pursuant to Section 327 of the Bankruptcy Code and, other than approval of this Motion, no subsequent application

for payment need be filed by Normandy. Rather, the Trustee should be permitted to pay the commission at the closing or closings of the sales of Debtor's assets.

7. Since Normandy will be working on a contingency basis and will not be paid unless the funds are collected and received by the Estate, the Trustee will have sufficient funds to compensate Normandy as the funds come into the Estate.

8. By the filing of this Motion, the Trustee is only seeking authority to enter into the Agreement with Normandy to assist with the marketing process. The Trustee is not operating the Debtor's business within the meaning of Section 721 of the Bankruptcy Code. Nothing in this Motion or in any of the actions taken by the Trustee or her professionals concerning this Motion shall be deemed as the Trustee's operation of the Debtor's business under Section 721 of the Bankruptcy Code.

9. The employment of Normandy is critical to the Estate's ability to market and sell the Debtor's assets in a timely manner. Most of the value of these assets involves selling intellectual property rights and customer contracts. If the Estate were to try to retain another consulting firm, there would be a significant delay in the process as well as tremendous expense as an outside firm gets up to speed on the Debtor and its assets. There is little to be gained and the Estate would be harmed by the delay in the interim.

10. Therefore, the Trustee seeks authorization to enter into a Consulting Agreement with Mr. Vogt's company, Normandy Lane, LLC.

**WHEREFORE, PREMISES CONSIDERED**, Michelle H. Chow, Chapter 7 Trustee, respectfully requests the Court to enter an Order under Section 363(b) of the Bankruptcy Code authorizing her (a) to retain Normandy; (b) to pay any fees due to Normandy at closing or closings of

the sale of Debtor's assets under the conditions set forth herein; and (c) for such other and further relief as the Trustee may show herself to be justly entitled.

**DATED: April 3, 2025**

                          Respectfully submitted,

                          SINGER & LEVICK, P.C.

                          By:    /s/ *Michelle E. Shriro*
                                   Larry A. Levick
                                   State Bar No. 12252600
                                   Michelle E. Shriro
                                   State Bar No. 18310900
                                   Todd A. Hoodenpyle
                                   State Bar No. 00798265

                        16200 Addison Road, Suite 140
                        Addison, Texas 75001
                        Phone: 972.380.5533
                        Fax: 972.380.5748
                        Email: levick@singerlevick.com
                        Email: mshriro@singerlevick.com
                        Email: hoodenpyle@singerlevick.com

                        PROPOSED GENERAL COUNSEL FOR
                        MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and LBR 9013(f), which includes the parties as shown below, on this 3rd day of April, 2025; and to the parties on the attached Service List via first class mail, postage prepaid, on the 4th day of April, 2025.

| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
|---|---|
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |

      /s/ *Michelle E. Shriro*
      Michelle E. Shriro