**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| DZS INC.,[1] | § | CASE NO. 25-40712 |
| | § | |
| DEBTORS. | § | (Joint Administration Requested) |

**APPLICATION OF TRUSTEE FOR EMPLOYMENT OF
GRABLE MARTIN PLLC AS SPECIAL COUNSEL**

> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS PLEADING UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING _WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE_ SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.**
>
> **IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**
>
> **IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221). The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

**COMES NOW**, Michelle H. Chow, the duly appointed and acting Chapter 7 Trustee in the above-referenced cases, and, pursuant to 11 U.S.C. § 327 and § 328 ("**Bankruptcy Rules**"), files this *Application for Employment of Singer & Levick, P.C. as General Counsel* ("**Application**") and, in support thereof, would respectfully show unto the Court as follows:

1. On March 14, 2025 ("**Petition Date**"), DZS Inc. ("**Debtor DZS**"), DZS Services Inc. ("**Debtor DZS Services**") and DZS California Inc. ("**Debtor DZS California**") (together "**Debtor**") each filed a Voluntary Petition under Chapter 7 of Title 11 of the UNITED STATES CODE ("**Bankruptcy Code**") commencing the above-captioned cases ("**Bankruptcy Cases**").

2. Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for each of the Estates of DZS Inc., DZS Services Inc. and DZS California Inc.

3. On March 17, 2025, the Trustee filed her *Application for Employment of Singer & Levick, P.C. as General Counsel* (**Dkt.006**).

4. Pursuant to Sections 327(e) and 328 of the Bankruptcy Code, the Trustee requests the Court approve the employment of Grable Martin PLLC ("**Law Firm**") as Special Counsel effective as of **March 17, 2025** to perform specialized legal services that will be necessary during these Bankruptcy Cases. More specifically, the Trustee seeks to employ the Law Firm to provide all legal services on behalf of the Trustee required to sell the Debtors' assets, advise the Trustee regarding ongoing compliance by the Debtors with applicable securities regulations, advise the Trustee regarding various intellectual property, trademark and patent matters related to the Debtors' assets, and provide any other legal services which the Trustee may reasonably require in order to assist in maximizing the value of and sale or liquidation of the assets of the Debtors' Estates (collectively, "**Legal Services**").

5.     Shauna Martin will be the attorney at the Law Firm who is primarily responsible for this engagement.  Ms. Martin has over 30 years of experience representing and advising clients regarding mergers and acquisitions, compliance with securities regulations and corporate and intellectual property matters similar to the proposed Legal Services.  Prior to the Petition Date, and over the course of more than five (5) years, the Law Firm handled the following legal matters for the Debtors: mergers and acquisitions, securities compliance, litigation, intellectual property and patent advice, employment advice, contract review and management, and general corporate matters (collectively, "**Prior Legal Services**").  As a result of the long history of working with the Debtors to provide Prior Legal Services, the Law Firm has deep knowledge and expertise with regard to the proposed Legal Services for which the Trustee seeks to hire the Law Firm pursuant to this Application.  For example, the mergers and acquisitions handled by the Law Firm for the Debtors prior to the Petition Date involved a wide variety of acquisition and sale transactions, including transactions that involved the acquisition or divestiture of assets of the Debtors (or its subsidiaries), located in the United States as well as a variety of other countries, all of which were extremely complicated and implicated most, if not all, of the assets that the Trustee now seeks to sell to maximize the recovery to the unsecured creditors.  The sale of the Debtors' assets involves extensive knowledge regarding the types of assets owned by the Debtors and a knowledge of the legal issues related to such assets.  As a result of the Law Firm's representation of the Debtors with regard to the Prior Legal Services, the Law Firm has unique knowledge and expertise regarding the assets of the Debtors making the Law Firm an appropriate and logical choice to handle the sale of the Debtors' assets and all other Legal Services described herein.  Further, it would be inefficient and time consuming for the Trustee to switch to using a different firm to provide the Legal Services.

6. As set forth in the Declaration of Shauna Martin attached hereto as **Exhibit A** to this Application ("**Declaration**"), the Law Firm does not represent any clients regarding matters that may be adverse to the Debtors' Estates as defined in the Bankruptcy Cases. The Law Firm has searched its electronic database containing the names of all clients of the Law Firm, in order to ascertain any connections such clients might have to (i) the creditors of the Debtors listed in the Bankruptcy Cases ("**Creditors**") or (ii) any interested parties with regard to the sale of the Debtors' assets or any other matters for which the Trustee proposes to engage the Law Firm ("**Interested Parties**" and, together with the Creditors, "**Potential Parties-in-Interest**"). In addition to searching the Law Firm's electronic database, the Law Firm requested that each of the attorneys of the Law Firm review the list of Creditors and confirm any potential connections any of the attorneys may have with the Creditors. Through the information generated from this computer inquiry, the responses from individual attorneys of the Law Firm and follow-up inquiries with the Law Firm's attorneys, as necessary, it was determined that the representation of any Potential Parties-in-Interest concern matters in which such clients are or were not adverse to the Trustee, the Debtors or the Debtors' Estates nor do such matters have anything to do with the Bankruptcy Cases. For example, and as a matter of further disclosure pursuant to applicable Bankruptcy Rules, the Law Firm has previously represented the CEO of the Debtors, Charlie Vogt, with regard to various matters all of which are not adverse to the Trustee, the Debtors or the Debtors' Estates nor do such matters have anything to do with the Bankruptcy Cases. In addition, the Law Firm currently represents a former sales employee of the Debtors, Tim Mendoza, with regard to various legal matters all of which are not adverse to the Trustee, the Debtors or the Debtors' Estates nor do such matters have anything to do with the Bankruptcy Cases. The Law Firm will periodically review its files during the pendency of the Bankruptcy Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships

are discovered or arise, the Law Firm will use reasonable efforts to identify such further developments and will promptly file a supplement Declaration, as required by the applicable Bankruptcy Code, Bankruptcy Rules or the local rules of the Bankruptcy Court for the Eastern District of Texas ("**Local Rules**"). Certain interrelationships exist among the Debtors. Nevertheless, the Trustee has advised the Law Firm that the Debtors' relationships to each other do not pose any conflict of interest because of the general unity of interest among the Debtors.

7.  On November 29, 2024, the Debtors deposited $50,000.00 in the Law Firm's client trust account as an advance toward the Law Firm's continued provision of legal services to the Debtors (herein described as the Prior Legal Services) ("**Retainer**"). On March 13, 2025, the Law Firm issued invoices totaling $49,614.60 for fees and costs related to professional services provided to the Debtors (herein described as the Prior Legal Services) prior to the Petition Date. All such invoices were deducted from the Retainer leaving an unapplied Retainer balance of $385.40 which the Law Firm continues to maintain in its client trust account. As of the Petition Date, the Debtors do not owe the Law Firm any amounts for legal services rendered before the Petition Date. The Law Firm received in compensation from the Debtors a total of $275,161.20 in the 90 days prior to the Petition Date and $338,070.70 during the period of 12 months prior to the Petition Date (not including the above-described Retainer).

8.  The Law Firm intends to apply for compensation on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that the Law Firm incurs.in connection with providing Legal Services to the Trustee, subject to the terms and conditions of the proposed engagement letter between the Trustee and the Law Firm attached as **Exhibit B** to this Application ("**Engagement Letter**"), for which the Trustee is seeking the Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local

Rules. The hourly rates and corresponding rate structure to be utilized by the Law Firm in conjunction with providing the Legal Services are equivalent to the hourly rates and corresponding rate structure predominantly used by the Law Firm for similar legal services provided to its other clients of the Law Firm, regardless of whether a fee application is required. These rates and rate structure reflect that the proposed Legal Services involve great complexity, high stakes and severe time pressures. The Law Firm's hourly rates for an individual attorney or paralegal may vary as a function of the type of matter, the nature of certain long-term client relationships, and various other factors, including those enumerated herein. The hourly rates charged by the Law Firm in its engagements are set at levels designed to fairly compensate the Law Firm for the work of the attorneys and paralegals of the Law Firm providing the Legal Services and may vary with the experience and seniority of the individual attorneys assigned to provide the Legal Services. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. In particular, the hourly rates for the attorneys assigned to provide the Legal Services range from $350.00 to $525.00 per hour and $250.00 for paralegals. The Firm may incur costs and expenses in connection with providing the Legal Services including, but not limited to, photocopying, postage, delivery charges, parking at the courthouse, charges to appear at hearings remotely, travel expenses, filing fees, patent and trademark fees, and legal research fees. The Law Firm understands that payment of its fees and expenses, as described herein, will be subject to an application, as allowed by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and approval from the Court.

      9.      Under Section 328 of the Bankruptcy Code, the Trustee may employ or authorize the employment of a professional person on any reasonable terms and conditions. Pursuant to Section 327(e) of the Bankruptcy Code, the Trustee, with the Court's approval, may employ, for a

specified special purpose, other than to represent the Trustee in conduction of the case, an attorney that has represented the Debtors, if in the best interest of the Debtors' Estates, and if such attorney does not represent or hold any interest adverse to the Debtors or to the Debtors' Estates with respect to the matter on which such attorney is to be employed.  Due to the Law Firm's extensive expertise, the Trustee believes that the retention of the Law Firm as Special Counsel in connection the Legal Services is in the best interest of the Debtors' Estates because the Law Firm's retention will further the efficient and orderly administration of these Bankruptcy Cases and will maximize the value of the Debtors' Estates, thereby increasing the recovery to the unsecured creditors.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee herein prays that this Court enter an Order authorizing employment of the law firm of Grable Martin, PLLC as of March 17, 2025 as Special Counsel under Sections 327(e) and 328 of the Bankruptcy Code and applicable Bankruptcy Rules to perform the professional services in this proceeding described herein as the Legal Services; and for such other and further relief as may be just and proper.

**DATED:  April 7, 2025**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:    /s/  *Michelle E. Shriro*
      Larry A. Levick
      State Bar No. 12252600
      Michelle E. Shriro
      State Bar No. 18310900

16200 Addison Road, Suite 140
Addison, Texas  75001
Phone:  972.380.5533
Fax:  972.380.5748
Email:  levick@singerlevick.com
Email:  mshriro@singerlevick.com

PROPOSED GENERAL COUNSEL FOR
MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, as well as LBR 9013(f), which includes the parties as shown below, on this 7th day of April, 2025.

| | |
|---|---|
| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |

    /s/ *Michelle E. Shriro*
    Michelle E. Shriro