IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-40712 |
| DZS INC.,[1] | § | |
| | § | (Chapter 7) |
| DEBTOR. | § | |

**TRUSTEE'S MOTION TO LIMIT NOTICE WITH RESPECT TO MOTION TO APPROVE AND AUTHORIZE PAYMENT OF VENDOR EXPENSES**

**COMES NOW**, Michelle H. Chow, Michelle H. Chow, Chapter 7 Trustee of the above-referenced cases, by and through her proposed counsel Singer & Levick, P.C, and files this *Trustee's Motion to Limit Notice With Respect to Motion To Approve and Authorize Payment of Vendor Expenses* ("**Motion**") and, in support of same, would respectfully show the Court as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On March 14, 2025 ("**Petition Date**"), DZS Inc. ("**Debtor DZS**"), DZS Services Inc. ("**Debtor DZS Services**") and DZS California Inc. ("**Debtor DZS California**") (together "**Debtor**") each filed a Voluntary Petition under Chapter 7 of Title 11 of the UNITED STATES CODE ("**Bankruptcy Code**") commencing the above-captioned cases ("**Bankruptcy Cases**").

2. Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for each of the Estates of DZS Inc., DZS Services Inc. and DZS California Inc.

3. Prior to the Petition Date, Debtor was a large publicly traded telecom business which developed hardware and software systems enabling broadband usage. This is not a typical Chapter 7

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221). The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

case and the assets are much more complex than a typical Chapter 7 case. There are in excess of 3500 names on the creditors matrix for each case.

4. Contemporaneously with the filing of this Motion, the Trustee has filed a *Motion to Approve And Authorize Payment of Vendor Expenses* (the "**Vendor Motion**").

5. Bankruptcy Rule 2002(a)(2) provides as a general rule for all creditors to receive notice of certain matters like "proposed use or sale of property." Pursuant to Bankruptcy Rule 9006(c), the Court "for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Fed. R. Bankr. P. 9006(c)(1). Section 105(a) of the BANKRUPTCY CODE provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the [Bankruptcy Code's] provisions." 11 U.S.C. § 105(a). *In re Hester,* 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts."). Section 102(1) of the BANKRUPTCY CODE explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Bankruptcy Rule 2002 (i) authorizes the Court to limit notice required by 2002(a). In addition, Bankruptcy Rule 2002(m) specifically empowers a court to "enter orders designating the matter in which notices shall be sent except otherwise provided by these rules."

6. Given that the above noted Vendor Motion involves a relatively small amount of money and the large number of people and entities on the creditor matrix, the Trustee requests that notice of the Vendor Motion be limited to the secured creditors, the Top 20 unsecured creditors and any party who has filed a notice under Rule 2002.

7. This Motion is being served on the Office of the United States Trustee, counsel for the Debtor and all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that such service is adequate and sufficient for purposes of the relief requested in the Vendor

Motion , and would afford interested parties sufficient notice and opportunity to be heard.  In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Michelle H. Chow, Chapter 7 Trustee, prays that the Court enter an Order limiting notice of the Vendor Motion and for such other and further relief as she may show herself justly entitled.

**DATED: April 11, 2025**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:    /s/ *Michelle E. Shriro*
      Larry A. Levick
      State Bar No. 12252600
      Michelle E. Shriro
      State Bar No. 18310900
      Todd A. Hoodenpyle
      State Bar No. 00798265

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: levick@singerlevick.com
Email: mshriro@singerlevick.com
Email: hoodenpyle@singerlevick.com

GENERAL COUNSEL FOR
MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties as shown below; on this 11th day of April, 2025.

| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
|---|---|
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |

                                              /s/ *Michelle E. Shriro*
                                              Michelle E. Shriro