# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **DZS INC.** [1] | § | **Case No. 25-40712 (BTR)** |
| | § | |
| **Debtor.** | § | |

### RESPONSE OF EDGECO, LLC TO BOWEI TECHNOLOGY COMPANY LTD'S OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER APPROVING SALE

Secured Lender EdgeCo, LLC ("EdgeCo" or "Secured Lender"), pursuant to Section 546(c)(1), by and through undersigned counsel hereby responds (the "Response") to *Objection of Bowei Technology Company LTD. to Trustee's Motion for an Order Approving Sale* (the "Objection") filed under Docket No. 72, seeking reclamation of goods subject to Secured Lender's lien, and in support states:

### RELEVANT PROCEDURAL HISTORY

1. On March 14, 2025 ("Petition Date"), DZS Inc., DZS Services LLC and DZS California LLC (collectively, the "Debtor") each filed their Voluntary Petitions under Chapter 7 of Title 11 of the United Sates Code ("Bankruptcy Code"), commencing the above-captioned case in the United States Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court").

2. Michelle H. Chow is the duly appointed Chapter 7 Trustee ("Trustee") for the bankruptcy estates of DZS ("DZS Estate"), DZS Services LLC ("DZS Services Estate") and DZS California ("DZS California Estate") (the "Estates").

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221). The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

3.  On April 4, 2025, Secured Lender filed a Proof of Claim, asserting a secured claim in the amount of $15,300,593.10 (the "Claim"). Claim No. 6-1.

4.  On April 4, 2025, Debtor filed *Trustee's Motion for an Order Approving Sale of Certain Property of the Estate Free and Clear of All Liens, Claims and Encumbrances and Assumption and Assignment of Executory Contracts and Leases* (the "Sale Motion"). (Docket No. 26).

5.  On April 14, 2025, the Court entered its Order Granting the Expedited Motion for Entry of an Order Directing the Joint Administration of Cases.

6.  On April 17, 2025, Bowei Technology Company LTD ("Bowei") filed an objection to Trustee's Sale Motion. In relevant part the objection states:

    a. "Bowei has learned that of the six shipments, five were delivered…Shipment No. 5 is a shipment of 9200 pieces of equipment having a value of $340,715.00, [has] not been delivered and was still under the control of the Trustee when demand was made." Objection at para. no. 4.

    b. "Bowei is entitled to return of the equipment and contents of Shipment No. 5." Objection at para. No. 6.

7.  On April 18, 2025, the 341-Meeting of Creditors was held and concluded.

8.  A hearing on Trustee's Sale Motion is set for hearing on April 28, 2025, at 1:30 p.m. (CT), (the "Sale Hearing"). (Docket No. 27.)

**RELEVANT FACTS**

9.  On or about December 29, 2023, EdgeCo, as lender, and Debtor, as borrower, entered into a *Loan Agreement* in the principal amount of $15,000,000. Pursuant to the Initial Loan Agreement (the "Initial Loan Agreement"), Debtor, for the purpose of evidencing the Initial Loan Agreement and the payments due thereunder, executed and delivered to EdgeCo, (i) a *Secured Promissory Note* in the amount of $15,000,000 (the "$15mm Note"), and (ii) a *Security*

*Agreement* (the "Security Agreement") (together with the Initial Loan Agreement and the $15mm Note, the "Loan Documents").

10. On or about May 31, 2024 (the "Effective Date"), EdgeCo, as lender, and Debtor, as borrower, entered into an amended *Loan Agreement* (the "Amended Loan Agreement") for an additional loan in the amount of $15,000,000 to allow Debtor to fund certain business acquisition activities as further evidenced by the (i) *Amended and Restated Secured Promissory* Note in the principal amount of $30,000,000 (the "$30mm Note"), and (ii) *Amended and Restated Security Agreement* (the "Amended Security Agreement") (together with the Amended Loan Agreement and the $30mm Note, the "Amended Loan Documents"). A copy of the Amended Loan Documents is attached as Exhibit 2 to the PoC.

11. As set forth in greater detail in the PoC, as of the Petition Date, Secured Lender's Secured is in an amount no less than: $15,300,593.10. Exhibit 1 and Exhibit 3 to PoC.

12. Under the Amended Security Agreement, Secured Lenders loan is secured by:

"Any and all assets of the Company and Company's North American, European, Australian, and New Zealand subsidiaries wherever located, whether now owned or hereafter acquired, including, but not limited to: (i) any and all assets of NetComm Wireless Pty. Ltd. (Administrators Appointed) as acquired by Company; (ii) all technology assets purchased from Adaptive Spectrum and Signal Alignment, Incorporated and owned by the Company, or any Company subsidiary, in whatever form; (iii) any and all cloud technology either owned, developed, licensed, or otherwise; (iv) **all equipment, machinery, computer kiosks, vehicles, furniture, tools, dies, jigs, and fixtures, and all attachments, accessions and equipment now or hereafter affixed thereto or used in connection therewith, and all substitutions and replacements thereof (the "Equipment");**" Security Agreement, at p. 2, Definition of Collateral (emphasis added).

13. On or about March 19, 2025, Bowei made a reclamation demand upon the Debtor and the Trustee for six shipments, of which only one— hereinafter referenced as Shipment No. 5— remains at issue. Objection at para. no. 4-5. Bowei concedes that Shipment Number 5 is in Debtor's possession and consists of technology equipment manufactured by Bowei. *Id.*

3

14. Bowei's reclamation rights are subordinate to, and subject to, the rights of Secured Lender. Accordingly, the Secured Lender hereby responds to the Objection and respectfully requests that the Court deny all relief sought therein.

## ARGUMENT

15. Under black-letter law, Bowei's rights to reclaim and take possession are subject Secured Lender's lien.

16. Reclamation rights are governed by section 546(c) of the Bankruptcy Code. In relevant part, Section 546(c) provides:

> (1) Except as provided in subsection (d) of this section and in section 507(c), *and subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof*, the rights and powers of the trustee under sections 544(a), 545, 547, and 549 are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of commencement of a case under this title, but such a seller may not reclaim such goods unless such seller demands in writing reclamation of such goods—

17. The italicized clause was added to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Since the passage of BAPCPA, "[t]he avoiding powers expressly set forth in section 546(c) are subject to the seller's right of reclamation which is, in turn, subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof." 5 COLLIER ON BANKRUPTCY P 546.04[1] (15th ed. rev. 2009).

18. The Code, as amended by BAPCPA, and pre- BAPCPA Fifth Circuit precedent support the position that claims of reclamation are subordinate to the perfected security interests of pre-petition lender. *In the Matter of Samuels & Co.*, 526 F.2d 1238 (5th Cir. 1976); *In re Pilgrim's Pride Corp.*, 2009 Bankr. LEXIS 3635 * (Bankr. N.D. Tex. Nov. 12, 2009). Bowei has cited no law to the contrary (nor any Fifth Circuit law).

4

19. Accordingly, under the express terms of section 546(c) of the Code, which provides that a seller's right to reclaim goods is "subject to the prior rights of a security interest in such goods or the proceeds thereof," Bowei's claim to reclaim the goods—currently subject to liens held by the Secured Lender—should be subordinate to, the rights of the prepetition Secured Lenders.

20. For these reasons, Secured Lender respectfully requests that the Court overrule Bowei's Objection.

Dated: April 23, 2024                           Respectfully submitted,

                                                AKERMAN LLP

                                                 /s/ Adam Swick
                                                R. Adam Swick, SBN: 24051794
                                                500 West 5th Street, Suite 1210
                                                Austin, TX 78701
                                                Telephone:  (737) 999-7103
                                                Facsimile:   (512) 623-6701
                                                adam.swick@akerman.com
                                                *Counsel for EdgeCo, LLC*

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that, on April 23, 2025, he caused a true and correct copy of the foregoing document to be served electronically by filing it with the Court's CM/ECF System, which sent notification to the parties receiving same through such system. A true and correct copy of the document, together with the listed exhibits, was also served electronically via e-mail upon the parties on the attached electronic service list:

                                        */s/ R. Adam Swick*
                                        R. Adam Swick

## ELECTRONIC SERVICE LIST

Alexis Beachdell on behalf of Creditor Dasan Network Solutions Inc.
abeachdell@bakerlaw.com

Michelle Chow
chowtrustee@gmail.com,
ecf.alert+Chow@titlexi.com

Shawn M. Christianson on behalf of Creditor Oracle America, Inc.
schristianson@buchalter.com,
cmcintire@buchalter.com

Richard G. Dafoe on behalf of Creditor Bowei Technology company Ltd
rdafoe@vinlaw.com,
jwhite@vinlaw.com;rdafoe@ecf.inforuptcy.com;jwhite@ecf.inforuptcy.com

Larry A. Levick on behalf of Trustee Michelle Chow
levick@singerlevick.com,
scotton@singerlevick.com;tguillory@singerlevick.com

Paul M Lopez on behalf of Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR
bankruptcy@abernathy-law.com

Travis A. McRoberts on behalf of Debtor DZS California Inc.
travis.mcroberts@bakerbotts.com,
travis-a-mcroberts-1747@ecf.pacerpro.com

Travis A. McRoberts on behalf of Debtor DZS Inc.
travis.mcroberts@bakerbotts.com,
travis-a-mcroberts-1747@ecf.pacerpro.com
Linda Reece on behalf of Creditor Plano ISD

lreece@pbfcm.com

James D. Sadowski, I on behalf of Creditor IPXI Legacy Place Investors, LLC
jds@gdllaw.com,
mer@gdllaw.com

Michelle E. Shriro on behalf of Trustee Michelle Chow
mshriro@singerlevick.com,
scotton@singerlevick.com
 tguillory@singerlevick.com

Alexandria Jean Smith on behalf of Creditor IPXI Legacy Place Investors, LLC
ajs@gdllaw.com

Randall Adam Swick on behalf of Creditor EdgeCo, LLC
adam.swick@akerman.com,
teresa.barrera@akerman.com;valerie.braun@akerman.com

Laura Taveras Lantigua on behalf of Creditor EdgeCo, LLC
laura.taveras@akerman.com

US Trustee
USTPRegion06.TY.ECF@USDOJ.GOV

Deborah D. Williamson on behalf of Creditor Managed Network Systems Inc.
dwilliamson@dykema.com, maraiza@dykema.com

80675548;2
81098073;2