IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: | |
| DZS, INC., *et al.*,[1] | CASE NO. 25-40712 |
| DEBTORS. | (Chapter 7) |

**PLUME DESIGN INC.'S OBJECTION TO THE SEVENTH NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, AND THE PROPOSED CURE AMOUNTS**

Plume Design, Inc. ("Plume"), by and through its undersigned counsel, respectfully submits the following objection (the "Objection") to the *Seventh Notice of Executory Contracts and Unexpired Leases that May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Estates' Assets, and the Proposed Cure Amounts* [Docket No. 53] (the "Notice") and states as follows:

**BACKGROUND**

1. On March 14, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas (the "Court"). Michelle H. Chow was appointed the Chapter 7 trustee (the "Trustee").

2. On April 4, 2025, the Trustee filed the *Trustee's Motion for an Order Approving Sale of Certain Property of the Estate Free and Clear of All Liens, Claims and Encumbrances and*

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: DZS, Inc. (9099); DZS Services, Inc. (3763); and DZS California, Inc. (3221). The location of the Debtors' service address for purposes of these Chapter 7 Cases is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

1

*Assumption and Assignment of Executory Contracts and Leases* [Docket No. 26] (the "Sale Motion"),[2] seeking entry of an order (the "Sale Order") approving the sale of the substantially all of the estates' assets, free and clear of all liens, claims and encumbrances (such transaction, the "Transaction"). The Sale Motion is set for hearing on April 28, 2025 at 1:30 p.m. (CT).

3. Debtor DZS, Inc. ("DZS") is party to a Services and Distribution Agreement (the "Agreement") with Plume. The Notice lists a cure amount of $0.00 for the Agreement. Under the terms of the Agreement, DZS owes Plume $24,750,000.00, *not* $0.00, which is what is listed in the Notice.[3]

4. Prior to the Petition Date, on October 10, 2022, Plume filed a complaint (the "Complaint") against Debtor DZS in the Superior Court of the State of Delaware (the "Lawsuit") for declaratory relief and breach of contract based on DZS's breach of the Agreement. Under the Agreement, DZS was to act as a reseller of subscriptions to certain contractually-defined "Plume Services." The Agreement ran for a five-year term and could not be terminated by either Plume or DZS absent a material breach by the other side. Under the Agreement, DZS contracted to purchase specified, minimum amounts of subscriptions over the five-year term. The total purchase price owed to Plume by DZS for those subscriptions is $24.75 million. DZS never made any payments to Plume under the Agreement. However, Plume never breached the Agreement and performed fully thereunder. *Instead, DZS purchased one of Plume's competitors, and invented pretextual grounds to purport to terminate the Agreement and compete directly with Plume.* Faced with DZS's complete repudiation of the Agreement, Plume was left with no choice but to file the Lawsuit.

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Sale Motion.
[3] Plume files this Objection out of an abundance of caution, however, it is unlikely that the Agreement is executory such that it can be assumed and assigned to the Buyer. Plume reserves its rights on this point.

5.      The Lawsuit proceeded through contentious discovery, an unsuccessful mediation, and motions for summary judgment. After the Delaware Superior Court denied both parties' summary judgment motions in November 2024, DZS and Plume explored settlement discussions in advance of a scheduled April 2025 trial. The parties discussed, drafted and reached an agreement which would settle the litigation for an aggregate amount of $2 million to be paid by DZS to Plume in two installments, with the first installment of $1,500,000 to be paid on signature of the settlement agreement (the "Settlement").

6.      DZS informed Plume that DZS was seeking board approval of the settlement agreement the parties had negotiated and drafted, however, prior to DZS executing definitive settlement documentation, DZS commenced this chapter 7 case.  Presumably, DZS had been planning to file for bankruptcy and was preparing its initial filings in this proceeding at the same time it was discussing the Settlement with Plume.

7.      A copy of the Complaint is attached hereto as **Exhibit A**.

## OBJECTION

8.      Plume files this Objection to (a) clarify the Cure Amount owed to Plume and (b) reserve its rights.  Plume objects to the $0.00 Cure Amount associated with the Agreement.  The correct Cure Amount is at least $24,750,000.00.

9.      Furthermore, defaults or other obligations of the Debtors to Plume may arise or accrue prior to the assumption of the Agreement, and the Debtors are required by section 365(b)(1)(A) of the Bankruptcy Code to cure all outstanding defaults, including those that may arise or accrue post-petition through the closing date of any relevant sale transaction. *See* 11 U.S.C. §365(b)(1)(A).  Accordingly, Plume demands, as a condition to assumption and assignment the Agreement, that any such defaults relevant thereto, including post-petition defaults, be cured.

## RESERVATION OF RIGHTS

10. Plume expressly reserves the right to amend, modify, or withdraw this Objection or revise the stated Cure Amount pending further investigation. Depending on the timing of the actual assumption and cure, the amount owed may increase for any unpaid post-petition amounts owed.

## CONCLUSION

WHEREFORE, Plume respectfully requests entry of an order (i) conditioning the assumption and assignment of the Agreement on the payment of $24,750,000.00 plus any additional post-petition amounts that may arise or accrue prior to the closing date of any relevant Sale transaction, and (ii) granting such other relief as it deems just and proper.

Dated: April 25, 2025

**FOX ROTHSCHILD LLP**

*/s/ Trey A. Monsour*
Trey A. Monsour (Tex. Bar No. 14277200)
2501 N. Harwood Street
Suite 1800
Dallas, TX 75201
(214) 231-5796
(972) 404-0516 (fax)
Email: tmonsour@foxrothschild.com

-and-

Stephanie Slater Ward (*pro hac vice* admission pending)
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
(302) 654-7444
(302) 656-8920 (fax)
Email: sward@foxrothschild.com

*Counsel to Plume Design, Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 25, 2025, a true and correct copy of the foregoing was served via the Electronic Case Filing System Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas to all parties registered to receive such notice.

Also, the parties below were served via first class mail and email, where available:

The Chapter 7 Trustee
c/o Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
Attn.   Michelle Shriro, Esq.
         Larry A. Levick
         Todd A. Hoodenpyle
Email: levick@singerlevick.com
Email: mshriro@singerlevick.com
Email: hoodenpyle@singerlevick.com

The Purchaser
c/o Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Attn. Deborah D. Williamson, Esq.
Email: dwilliamson@dykema.com

The Office of the United States Trustee
110 N. College Ave., Suite 300
Tyler, Texas 75702

                                                      */s/ Trey A. Monsour*
                                                      Trey A. Monsour