**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| DZS, INC., et al.[1], | Case No. 25-40712 |
| Debtors. | (Jointly Administered) |

**ORACLE'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING TRUSTEE'S SALE MOTION AND RELATED SEVENTH NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, AND THE PROPOSED CURE AMOUNTS**

Oracle Credit Corporation and Oracle America, Inc. (jointly, "Oracle"), a creditor and contract counter-party in the above-captioned Chapter 7 case, submits this limited objection and reservation of rights ("Rights Reservation") regarding both: (1) *Trustee's Motion for An Order Approving Sale of Certain Property of the Estate Free and Clear of All Liens, Claims, and Encumbrances and Assumption and Assignment of Executory Contracts and Leases* [Dkt. No. 26] ("Sale Motion"); and (2) *Seventh Notice of Executory Contracts and Unexpired Leases That May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, In Connection with the Sale of Substantially All of the Estates' Assets, and The Proposed Cure Amounts* [Dkt. No. 53] ("Assumption Notice"), filed by Michelle H. Chow, the Chapter 7 Trustee ("Trustee") for DZS, Inc., et al. ("Debtors").

### I.   INTRODUCTION

In connection with the Sale Motion, the Trustee seeks Bankruptcy Court authority to, among other things, assume and assign several executory contracts between the Debtors and

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221). The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

**CREDITOR ORACLE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**REGARDING TRUSTEE'S SALE MOTION**                                                                                   Page 1

Oracle. Oracle objects to, and reserves its rights regarding, the proposed assumption and assignment for several reasons.

First, the targeted Oracle agreements are, or pertain to, one or more licenses of intellectual property which are not assignable absent Oracle's consent pursuant to both the underlying license agreement and applicable law.

Second, the Assumption Notice identifies several contracts which may be assumed and assigned. In each instance the contract description lacks relevant information, precluding identification of the targeted agreement. Therefore, Oracle is unable to determine which contracts may be assumed and assigned. As a result, Oracle is unable to determine the accuracy of the proposed cure amount. Since the filing of the Assumption Notice, Oracle has been in conversation with Trustee's counsel to clarify which contracts are being assumed and assigned and hopes to come to a resolution regarding the contracts and cure prior to the hearing on the Sale Motion, but files this Rights Reservation to preserve its right to be heard.

Third, at present, no adequate assurance information has been provided for Fibre Acquisition Corporation ("Fibre") and Fibre may not be the ultimate purchaser/assignee. The bid deadline is April 25, 2025, meaning other buyers may yet emerge. Therefore, Oracle is unable to determine whether the successful bidder will be capable of performing under the terms of the contracts which the Trustee seeks to assume and assign.

Accordingly, Oracle requests that the Court deny the Trustee's request for authority to assume and assign any Oracle agreement without Oracle's consent.

## II.     FACTUAL BACKGROUND

The Debtors filed the above captioned case on March 14, 2025 ("Petition Date") and the Trustee was appointed shortly thereafter.

On April 4, 2024, the Trustee filed the Sale Motion seeking Court authority to sell substantially all of the Debtors' assets.

On April 14, 2025, the Trustee filed the Assumption Notice which identifies several Oracle agreements ("Oracle Agreements")[2], described in the Assumption Notice as follows:

| Description of Contract or Lease | Counterparty Name | Total Claim |
|---|---|---|
| Addendum to the Oracle PartnerNetwork Master Distribution Agreement | Oracle America, Inc. | $0 |
| Amendment One to the Oracle PartnerNetwork Master Distribution Agreement | Oracle America, Inc. | $0 |
| Dasan Zhone Purchase Order 81000 | Oracle America, Inc. | $0 |
| Embedded Software License Application Package Registration Form | Oracle America, Inc. | $0 |
| Embedded Software License Application Package Registration Form | Oracle America, Inc. | $0 |
| Embedded Software License Application Package Registration Form | Oracle America, Inc. | $0 |
| Embedded Software License Distribution Addendum | Oracle America, Inc. | $0 |
| Oracle Ordering Document | Oracle America, Inc. | $0 |
| Oracle PartnerNetwork Master Distribution Agreement | Oracle America, Inc | $1,686,628.12 |
| PrePaid Licenses Schedule | Oracle America, Inc. | $0 |
| Amendment No. 1 to Payment Schedule No. 186744 | Oracle America, Inc. Bank of America, NA | $0 |

On April 22, 2024, the Trustee filed the *Notice of Filing of Asset Purchase Agreement* [Dkt. No. 75] ("Notice"). Attached as Exhibit A to the Notice is the Asset Purchase Agreement between the Trustee and Fibre ("APA").

---

[2] The Assumption Notice also identifies Oracle in the contract description for Mouri Tech LLC.

**CREDITOR ORACLE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS
REGARDING TRUSTEE'S SALE MOTION**                                                                                       **Page 3**

### III.     ARGUMENT

**A.     The Trustee May Not Assume And Assign Any Oracle Agreement Absent Oracle's Consent Because The Oracle Agreements May Pertain To One Or More Licenses Of Intellectual Property.**

Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

Oracle's agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, pursuant to Bankruptcy Code section 365, the Trustee may not assume and assign any Oracle agreement without Oracle's consent. For the reasons discussed herein, Oracle does not consent to the Trustee's proposed assumption and assignment of the Oracle Agreements at this time.

### A. The Trustee Has Not Adequately Identified The Oracle Agreements To Be Assumed and Assigned.

The Assumption Notice does not provide sufficient information for Oracle to determine which contracts are at issue. Based on the descriptions included in the Assumption Notice, Oracle is unable to locate the agreements identified. Without more specific information, Oracle cannot determine whether it is evaluating the same agreements the Trustee seeks to assume and assign. In addition, the Assumption Notice does not identify any master agreements or support renewals. Because the support agreements and master agreements relate to the underlying license agreements as part of substantially the same transactions, they constitute integrated contracts which may not be separately assumed and assigned – if that is the Trustee's intent. *See, e.g., In re Interstate Bakeries Corporation*, 751 F.3d 955, 961-2 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008). An executory contract must be assumed in its entirety and "[c]orrespondingly, all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract." *In re Taylor-Wharton Int'l LLC*, 2010 WL 4862723, at *3 (Bankr. D. Del. Nov. 23, 2010) (citing *In re Exide Tech.*, 340 B.R. 222, 228 (Bankr. D. Del. 2006)). Under California law,[3] made applicable by the Oracle Agreements, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civ. Code § 1642.

In order to clarify which Oracle contracts the Trustee hopes to assume and assign, Oracle requests that the Trustee specify the targeted contracts' (1) identification or contract number; (2) date; (3) associated support renewals; and (4) governing license agreement. This information will enable Oracle to evaluate whether the Oracle Agreements are assignable, supported, expired, or in

---

[3] *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB), 2013 WL 2663193, at *3 (Bankr. S.D.N.Y. June 13, 2013) ("State law governs the question whether an agreement is divisible or indivisible for the purposes of assumption and rejection under Bankruptcy Code § 365.")

default, and, if in payment default, the appropriate cure amount. Additionally, the information will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtors. Oracle reserves its right to be heard on this issue until after the Oracle Agreements the Trustee seeks to assume and assign are identified with greater specificity.

        **B.    The Trustee May Not Have Provided The Correct Cure Amount.**

Before assuming and assigning any executory contract, the Trustee must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1). The Trustee has identified an estimated cure amount of $1,686,628.12 for the Oracle Agreements. However, since the Trustee has failed to provide a clear and complete description of the contracts to be assumed and assigned, Oracle is unable to determine whether the cure is accurate. Oracle needs more information about which Oracle agreements may be assumed and assigned in order to confirm the accuracy of the proposed cure. Therefore, Oracle reserves its right to be heard further regarding the cure until after the contracts the Trustee seeks to assume and assign are identified with enough specificity to allow Oracle to determine the corresponding cure amount.

        **C.    The Trustee Has Not Provided Adequate Assurance of Future Performance By the Assignee.**

Before assuming and assigning any executory contract, the Trustee must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1). As of the date of this Rights Reservation, no adequate assurance information regarding Fibre has been provided and Fibre may not be the ultimate purchaser. Pursuant to section 6.5 of the APA, the Trustee has set a deadline of April 25, 2025 @ 5:00 p.m. (ct) for any additional bids, so additional bidders may emerge.

To satisfy Bankruptcy Code section 365(b), Oracle requests that the Trustee provide the following information: (1) financial bona fides; (2) confirmation that the purchaser is not an Oracle

competitor; and (3) confirmation that the ultimate assignee will (a) execute an Oracle Assignment Agreement and related documentation which identifies with specificity the Oracle executory contract(s) to be assigned; and, if appropriate (b) enter into an Oracle Master License Agreement. Absent these assurances, Oracle cannot determine the proposed assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform under the terms of the Oracle Agreements. Until the information described above is provided, the Trustee has not complied with the requirements of section 365(b)(1)(C).

## IV.    CONCLUSION

For the reasons set forth above, Oracle respectfully requests that the Court deny the Trustee's request for authority to assume and assign any Oracle agreement. Oracle reserves its right to be heard further on all issues set forth herein.

Respectfully submitted,

By:  */s/ Jason M. Katz*
Jason M. Katz
State Bar No.
jkatz@ccsb.com
**Carrington Coleman Sloman &
   Blumenthal L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 580-2641

**LOCAL COUNSEL FOR
CREDITOR ORACLE**

    and

Shawn M. Christianson
**BUCHALTER, A Professional Corporation**
425 Market Street, Suite 2900
San Francisco, California 94105-2491
Telephone:  (415) 227-0900
Facsimile:  (415) 227-0770
schristianson@buchalter.com

**ORACLE AMERICA, INC.**
Peggy Bruggman
Alice Miller
500 Oracle Parkway
Redwood City, California  94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

**ATTORNEYS FOR ORACLE**

## CERTIFICATE OF SERVICE

I certify that on April 25, 2025, a true and correct copy of the foregoing document has been electronically served to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties as shown below.

Travis A. McRoberts (travis.mcroberts@bakerbotts.com)
Baker Botts L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201-1980
Attorney for Debtor DZS Inc.

Deborah D. Williamson (dwilliamson@dykema.com**)**
Dykema
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205
Attorney for Purchaser

R. Adam Swick (adam.swick@akerman.com)
Ackerman LLP
500 West 5th Street, Suite 1210
Austin, TX 78701
Attorney for Edgeco, LLC

Richard B. Warren (rick@warrengrant.com)
Warren & Grant, P.A.
4800 N. Federal Highway, Suite A-205
Boca Raton, FL 33431
Attorney for FL Landlord

**CREDITOR ORACLE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**REGARDING TRUSTEE'S SALE MOTION**     **Page 8**

James D. Sadowski (jds@gdllaw.com)
Greenstein Delorme & Luchs, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Attorney for Plano Landlord

David M. Banker (david.banker@wbd-us.com)
Womble Bond Dickinson (US) LLP
950 Third Avenue, Suite 2400
New York, NY 10022
Attorney for Futurewei Tech

Michelle E. Shriro (mshriro@singerlevick.com)
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
General Counsel for Trustee Michelle H. Chow

Office of the US Trustee
110 N. College Ave., Suite 300
Tyler, Texas 75702

                                                  */s/ Jason M. Katz*
                                                  Jason M. Katz