**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **(Chapter 7)** |
| | § | |
| **DZS INC.,[1]** | § | **CASE NO. 25-40712** |
| | § | |
| **DEBTOR.** | § | **(Jointly Administered)** |

**PURCHASER ZHONE TECHNOLOGIES, INC.'S RESPONSE TO
DASAN NETWORK SOLUTIONS, INC.'S OBJECTION TO TRUSTEE'S MOTION FOR
ORDER APPROVING SALE OF CERTAIN PROPERTY OF THE ESTATE
[Docket Nos. 26, 101]**

Zhone Technologies, Inc. formerly known as Fibre Acquisition Corporation ("Zhone" or the "Purchaser") as the Purchaser of the Acquired Assets in the above-captioned Chapter 7 case, submits this response to Dasan Network Solutions, Inc.'s ("Dasan" or "DNS") *Limited Objection to Trustee's Motion For An Order Approving Sale Of Certain Property Of The Estate Free And Clear Of All Liens, Claims And Encumbrances And Assumption And Assignment Of Executory Contracts And Leases* [Dkt. No. 101] (the "Objection").[2]

## I.      PROCEDURAL BACKGROUND

1.      On March 14, 2024, the Debtors' filed these Chapter 7 cases (the "Petition Date") along with the Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "SOFA") for each Debtor.

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: DZS Inc. ("DZS") (9099); DZS Services Inc. (3763); and DZS California Inc. (3221) (each "Debtor" and collectively the "Debtors"). The location of the Debtors' service address for purposes of these Chapter 7 Cases is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Sale Motion and the Sale Order.

2.     On April 28, 2025, this Court consider the *Motion for An Order Approving Sale of Certain Property of the Estates Free and Clear of All Liens, Claims, and Encumbrances and Assumption and Assignment of Executory Contracts and Leases* (the "Sale Motion")[2] filed by Michelle H. Chow, the duly appointed Chapter 7 Trustee in the above-referenced Chapter 7 bankruptcy cases (the "Trustee").

3.     On April 25, 2025, Dasan filed the Objection, asserting that what is referred to in the Objection as the DNS Materials and Products "were never property of DZS."[3]

4.     On April 28, 2025, this Court entered its *Order Granting Trustee's Motion For An Order Approving Sale Of Certain Property Of The Estates Free And Clear Of All Liens, Claims, And Encumbrances And Assignment Of Executory Contracts And Leases* [Dkt. No. 112] (the "Sale Order"). The Sale Order provides that if "the parties cannot reach an agreement on any part of the DNS Schedule, then the Court will hold a hearing on May 8, 2025 at 1:30 p.m. to determine whether any of the disputed DNS scheduled items are property of the estate." The Parties have not been able to reach an agreement regarding the DNS Schedule. Zhone takes the position that all of the property listed on the DNS Schedule which was represented to be all of the DNS Materials and Products as defined in the Objection were assets of the bankruptcy estate of DZS.

## II.     FACTUAL BACKGROUND

5.     Dasan is the largest equity holder in DZS, holding 23.27% of the total equity of DZS.[4]  Choon-Yul Yoo was a director of DZS and signed the Action by Written Consent of the Board of Directors of DZS Inc.[5] As of the filing of the Petition, Choon-Yul Yoo is also the

---

[3] Objection at ¶2.
[4] Voluntary Petition for DZS, Inc. (the "Petition"), Corporate Ownership Statement and List of Equity Security Holders [Dkt. No. 1 at page 10]
[5] Petition at pp. 6-9.

President, Chief Operating Officer and Director of Dasan.[6] There is no question that Dasan is an insider of DZS.

6.      Dasan issued its "Commercial Invoice" dated December 31, 2024 related to the DNS Materials and Products (the "December Invoice").[7] The December Invoice references (a) Excess Finished Goods and (b) Excess Raw Materials. As to both categories, the December Invoice states that "Material is physically located at Dasan Network Solutions (DNS), Korea and will be reclassified from Dasan Network Solutions owned to DZS consigned Inventory." In other words, the December Invoice clearly reflected a transfer by Dasan of the DNS Materials and Products to DZS. There is no dispute that the December Invoice clearly identified the goods which were sold and transferred. The December Invoice does not contain any choice of law.

7.      The Declaration of the Chief Financial Officer of Dasan, SangRae Cha (the "Cha Declaration") admits that "title and ownership of the DNS Materials does not pass to DZS until the Products are delivered EXW to DZS."[8]

8.      EXW refers to "Ex Works Incoterms (EXW)" or the Incoterms 2020[9] rule used to describe the delivery of goods by the seller at their own place of business, generally in their factory, offices or warehouse.[10]  In contrast, FCA or Free Carrier refers to a situation where the Seller

---

[6] https://in.marketscreener.com/insider/CHOON-YUL-YOO-A0W21V/
[7] The December Invoice is attached hereto as Exhibit A and was included in Exhibit 20 filed on behalf of Dasan on April 28, 2025 [Dkt. No. 111-1, p. 58].
[8] Dasan Exhibit 1 [Dkt. No. 104,¶ 6].
[9] See https://iccwbo.org/business-solutions/incoterms-rules/incoterms-2020/.
[10] See https://www.tradefinanceglobal.com/incoterms/ex-works-exw/.
Ex Works Incoterm is the Incoterms® 2020 rule used to describe the delivery of goods by the seller at their own place of business, generally in their factory, offices, or warehouse. Since, under EXW, the seller does not need to load items onto a truck or worry about the freight once it has left their premises, this is the most favourable term for the seller. Once the seller has informed the buyer that the goods for the contract have been identified and set aside, then the delivery is considered to have been made. At this point, the buyer bears the risk and is obliged to pay, even though the goods may still be in the possession and physical control of the seller. Not only that, it is not the seller's responsibility to load the goods onto the buyer's collecting means of transport.

delivers the goods to the carrier or another person nominated by the buyer at the seller's premises or another named place.[11]

       9.      Baker Botts L.L.P. received a retainer of $500,000 on March 3, 2025.[12]

      10.     On March 4, 2025, DZS filed an 8-k disclosing that it was exploring all alternatives, including the filing of a Chapter 11.  No reference is made to the filing of a Chapter 7.[13]  On information and belief, the DZS Board of Directors had daily calls in the days leading up to the decision to file Chapter 7.

      11.     Stretto, Inc. received retainers on March 10 and 11, 2025.[14]

      12.     On March 11, 2025, the same day that Stretto received its final retainer, and three days before the Petition was filed,  Dasan unilaterally sent a notice attempting to "Void" the December Invoice (the "March Invoice").[15]

      13.     In the ninety days prior to the filing of the Petition, Dasan or an affiliate received over $2,287,000.[16] In the prior 3-12 months, Dasan received less than $150,000.

### III.    ARGUMENT

      14.     If the contract does not provide otherwise, under United States law, transfer of title occurs pursuant to Uniform Commerce Code Section ("UCC") 2-401 (as codified in the applicable

---

[11] Ex Works, abbreviated as EXW, represents the minimalistic end of the Incoterms spectrum. The seller fulfills its delivery obligations and the risk of loss transfers when the goods are made available for pickup at seller's own premises or another named place. All other obligations are those of the buyer. The seller's primary duty under EXW is to ensure the goods are ready for pick-up. The seller is neither obliged to load the goods onto the buyer's transport, nor is it responsible for export clearance. The buyer shoulders the burden of arranging transport, handling export and import documentation, and covering all associated costs, including freight charges, insurance, and import duties.

[11] The Cha Declaration seems to conflate the terms of EXW with FCA. The specific term "EXW" is used twice in the Cha Declaration.

[12] DZS SOFA at question 11.1 [Dkt. No. 3].

[13] https://d18rn0p25nwr6d.cloudfront.net/CIK-0001101680/f2c1182b-de64-417f-a934-6db02039b2aa.pdf

[14] *Id.*at question 11.2 and 11.3.

[15] The March Invoice is attached hereto as Exhibit B and was included in Exhibit 21 filed on behalf of Dasan on April 28, 2025 [Dkt. No. 111-2, p. 1].

[16]*Id*. at p. 70.

state's law). DZS is a Delaware entity. Title 6 Section 2-401 of the Delaware Code Annotated

provides that:

> (1) Title to goods cannot pass under a contract for sale prior to their identification to the contract (Section 2-501 ), and unless otherwise explicitly agreed the buyer acquires by their identification a special property as limited by this Act. Any retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest. Subject to these provisions and to the provisions of the Article on Secured Transactions (Article 9), title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties.

> ***(2) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods,*** despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading

>> (a) if the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment; but

>> (b) if the contract requires delivery at destination, title passes on tender there.

> (3) Unless otherwise explicitly agreed where delivery is to be made without moving the goods,

>> (a) if the seller is to deliver a document of title, title passes at the time when and the place where he delivers such documents; or

>> (b) if the goods are at the time of contracting already identified and no documents are to be delivered, title passes at the time and place of contracting.

> (4) A rejection or other refusal by the buyer to receive or retain the goods , whether or not justified, or a justified revocation of acceptance revests title to the goods in the seller. Such revesting occurs by operation of law and is not a "sale."

15.     There is no evidence that DZS rejected or otherwise refused to receive or retain the

goods listed in the December Invoice.

16.     Under general supply chain model of "consigned inventory" Dasan, as seller, sells

or provides goods to the Debtor, as purchaser, for sale but rather than taking immediate delivery,

the supplier continues to "hold" or "possess" the inventory but the retailer/seller owns the goods.

Therefore, Dasan may physically possess the inventory but the goods are owned by the Debtor and are property of this bankruptcy estate.

17.    DZS owned the property identified by Dasan as DNS Materials and Product under all relevant authority. Dasan had no right to cancel the contract after delivery had occurred and title had passed to the DZS. Dasan could have timely exercised a right of reclamation but failed to do so. Zhone acquired the right to purchase the property listed on the DNS Schedule which list was attached to the December Invoice.

## Conclusion

For the reasons set forth above, the Zhone respectfully requests that the Court overrule Dasan's Objection and find that the DNS Materials and Product were owned by DZS as of the Petition Date and were Acquired Assets under the Sale Order.

6

Dated:  May 7, 2025

**DYKEMA GOSSETT PLLC**

By: */s/ Dominique A. Douglas*
Deborah D. Williamson
Texas State Bar No. 21617500
Dominique A. Douglas
Texas State Bar No. 24134409
**DYKEMA GOSSETT PLLC**
112 E. Pecan St., Suite 1800
San Antonio, Texas 78205
Phone: 210-554-5275
Email: dwilliamson@dykema.com
Email: ddouglas@dykema.com

**ATTORNEYS FOR**
**ZHONE TECHNOLOGIES, INC.**
**FORMERLY KNOWN AS**
**FIBRE ACQUISITION CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 7, 2025, he caused a true and correct copy of the foregoing document to be served electronically by filing it with the Court's CM/ECF System, which sent notification to the parties receiving same through such system. A true and correct copy of the document, together with the listed exhibits, was also served electronically via e-mail upon the parties on the attached electronic service list:

*/s/ Dominique A. Douglas*
Dominique A. Douglas

## ELECTRONIC SERVICE LIST

Alexis Beachdell on behalf of Creditor
Dasan Network Solutions Inc.
abeachdell@bakerlaw.com

Michelle Chow
chowtrustee@gmail.com,
ecf.alert+Chow@titlexi.com

Shawn M. Christianson on behalf of
Creditor Oracle America, Inc.
schristianson@buchalter.com,
cmcintire@buchalter.com

Richard G. Dafoe on behalf of Creditor
Bowei Technology company Ltd
rdafoe@vinlaw.com,
jwhite@vinlaw.com;rdafoe@ecf.inforuptcy.com;jwhite@ecf.inforuptcy.com

Larry A. Levick on behalf of Trustee
Michelle Chow
levick@singerlevick.com,
scotton@singerlevick.com;tguillory@singerlevick.com

Paul M Lopez on behalf of Creditor
COLLIN COUNTY TAX
ASSESSOR/COLLECTOR
bankruptcy@abernathy-law.com

Travis A. McRoberts on behalf of Debtor
DZS California Inc.
travis.mcroberts@bakerbotts.com,
travis-a-mcroberts-1747@ecf.pacerpro.com

Travis A. McRoberts on behalf of Debtor
DZS Inc.
travis.mcroberts@bakerbotts.com,
travis-a-mcroberts-1747@ecf.pacerpro.com

Linda Reece on behalf of Creditor Plano
ISD
lreece@pbfcm.com

James D. Sadowski, I on behalf of Creditor
IPXI Legacy Place Investors, LLC
jds@gdllaw.com,
mer@gdllaw.com

Michelle E. Shriro on behalf of Trustee
Michelle Chow

mshriro@singerlevick.com,
scotton@singerlevick.com
tguillory@singerlevick.com

Alexandria Jean Smith on behalf of Creditor
IPXI Legacy Place Investors, LLC
ajs@gdllaw.com

Randall Adam Swick on behalf of Creditor
EdgeCo, LLC
adam.swick@akerman.com,
teresa.barrera@akerman.com;valerie.braun
@akerman.com

Laura Taveras Lantigua on behalf of
Creditor EdgeCo, LLC
laura.taveras@akerman.com

US Trustee
USTPRegion06.TY.ECF@USDOJ.GOV

Deborah D. Williamson on behalf of
Creditor Managed Network Systems Inc.
dwilliamson@dykema.com,
maraiza@dykema.com

## EXHIBIT A

# DASAN

# COMMERCIAL INVOICE

| 1. Shipper/Exporter | 8. No.& date of invoice | |
|---|---|---|
| **DASAN NETWORK SOLUTIONS, INC.** | **DNS_FG&RAW** | **31-Dec-2024** |
| WIMIX TOWER, 49, DAEWANGPANGYO-RO | 9. Date & No. of L/C | |
| 644 BEON-GIL, BUNDANG-GU, SEONGNAM-SI | | |
| GYEONGGI-DO, 13493 REPUBLIC OF KOREA | 10. L/C issuing bank | |

| 2. Bill to | |
|---|---|
| **DZS Inc.** | |
| 5700 Tennyson Parkway, | 11. Remarks |
| Ste 400, Plano, TX 75024 | |
| TEL : +1(727)530-8709 / Chris Pursser | |

| 3. Ship to | |
|---|---|
| **DZS Inc.** | |
| 5700 Tennyson Parkway, | |
| Ste 400, Plano, TX 75024 | |
| TEL : +1(727)530-8709 / Chris Pursser | **DASAN BANK Account Information** |

| 4. Port of loading | 5. Port of Discharge | - Name: Industrial Bank of Korea Sunae Station Branch |
|---|---|---|
| | | - **Account No. 528-030276-56-00014** |
| 6. Carrier | 7. Sailing on or about | - Beneficiary : DASAN Network Solutions, Inc. |
| | | - Swift code : IBKOKRSEXXX |

| 12. Marks&Numbers of PKGS | 13. Description of Goods | 14. Q'ty | 16. Amount (USD) |
|---|---|---|---|
| | Finished Goods Inventory | 24,940 | 3,018,498.88 |
| | DZS liability to take on Excess Finished Goods from DNS Korea as part of the divestiture agreement. (Exhibit A) - Excess FG Agreed 12.31.2024 Notes: Material is physically located at Dasan Network Solutions (DNS), Korea and will be reclassified from Dasan Network Solutions owned to DZS consigned inventory. | | |
| | Raw Material Inventory | 4,851,337 | 5,571,042.11 |
| | DZS liability to take on Excess Raw Material from DNS Korea as part of the divestiture agreement. (Exhibit B) - Excess RM Agreed 01.21.25 (Update per Sang Rae Cha's email - Attached) Notes: Material is physically located at Dasan Network Solutions (DNS), Korea and will be reclassified from Dasan Network Solutions owned to DZS consigned inventory. | | |
| | **TOTAL** | **4,876,277** | **8,589,540.99** |

Signed by

*Chulhee Han*

WEMIX Tower, 49, Daewangpangyo-ro,
644Beon-gil, Bundang-gu, Seongnam-si,
Gyeonggi-do, 13493 Korea
DASAN Network Solutions, inc.
C E O  Chulhee, Han

**<u>EXHIBIT B</u>**

# DASAN

## COMMERCIAL INVOICE (VOID)

| 1. Shipper/Exporter | | 8. No.& date of invoice | |
|---|---|---|---|
| **DASAN NETWORK SOLUTIONS, INC.** | | **DNS_FG&RAW** | **31/Dec/2024** |
| WIMIX TOWER, 49, DAEWANGPANGYO-RO | | 9. Date & No. of L/C | |
| 644 BEON-GIL, BUNDANG-GU, SEONGNAM-SI | | | |
| GYEONGGI-DO, 13493 REPUBLIC OF KOREA | | 10. L/C issuing bank | |
| 2. Bill to | | | |
| **DZS Inc.** | | | |
| 5700 Tennyson Parkway, | | | |
| Ste 400, Plano, TX 75024 | | 11. Remarks | |
| TEL : +1(727)530-8709 / Chris Pursser | | | |
| 3. Ship to | | | |
| **DZS Inc.** | | | |
| 5700 Tennyson Parkway, | | | |
| Ste 400, Plano, TX 75024 | | | |
| TEL : +1(727)530-8709 / Chris Pursser | | **DASAN BANK Account Information** | |
| 4. Port of loading | 5. Port of Discharge | - Name: Industrial Bank of Korea Sunae Station Branch | |
| | | - Account No. 528-030276-56-00014 | |
| 6. Carrier | 7. Sailing on or about | - Beneficiary : DASAN Network Solutions, Inc. | |
| | | - Swift code : IBKOKRSEXXX | |

| 12. Marks&Numbers of PKGS | 13. Description of Goods | 14. Q'ty | 16. Amount (USD) |
|---|---|---|---|
| | Finished Goods Inventory | 24,940 | 3,018,498.88 |
| | DZS liability to take on Excess Finished Goods from DNS Korea as part of the divestiture agreement. (Exhibit A) - Excess FG Agreed 12.31.2024 ~~Notes: Material is physically located at Dasan Network Solutions (DNS), Korea and will be reclassified from Dasan Network Solutions owned to DZS consigned inventory.~~ * Foresaid materials and its transfer of the title and ownership from DNS to DZS are not to be executed as the inventory contract (dated on December 31, 2024) has not been signed until March 10, 2025 | | |
| | Raw Material Inventory | 4,851,337 | 5,571,042.11 |
| | DZS liability to take on Excess Raw Material from DNS Korea as part of the divestiture agreement. (Exhibit B) - Excess RM Agreed 01.21.25 (Update per Sang Rae Cha's email - Attached) ~~Notes: Material is physically located at Dasan Network Solutions (DNS), Korea and will be reclassified from Dasan Network Solutions owned to DZS consigned inventory.~~ * Foresaid materials and its transfer of the title and ownership from DNS to DZS are not to be executed as the inventory contract (dated on December 31, 2024) has not been signed until March 10, 2025 | | |
| | **TOTAL** | 4,876,277 | 8,589,540.99 |

Signed by

*Chulhee Han*

WEMIX Tower, 49, Daewangpangyo-ro,
644 Beon-gil, Bundang-gu, Seongnam-si,
Gyeonggi-do, 13493 Korea
DASAN Network Solutions, Inc.
C E O  Chulhee, Han