IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 25-40712 |
| DZS INC., *et al.*,[1] § | |
| § | (Chapter 7) |
| DEBTORS. § | |

**AGREED MOTION TO APPROVE STIPULATION BETWEEN**
**MICHELLE H. CHOW, CHAPTER 7 TRUSTEE AND ZHONE TECHNOLOGIES, INC.**

Michelle H. Chow (the "Trustee"), chapter 7 trustee of DZS Inc. ("DZS"), DZS California, Inc. and DZS Services Inc. (collectively, the "Debtors"), and Zhone Technologies, Inc., ("Zhone" or "Purchaser"), submits this agreed motion ("Motion") for approval of the *Stipulation* (the "Stipulation") attached hereto as **EXHIBIT B**. In support of the Motion, the Trustee submits as follows:

**BACKGROUND**

1. By Order dated April 28, 2025, the Court approved the Trustee's *Motion for an Order Approving Sale of Certain Property of the Estate Free and Clear of All Liens, Claims and Encumbrances and Assumption and Assignment of Executory Contracts and Leases* (the "Sale Motion"), which provided for a sale of substantially all of the estate's assets to Zhone, which closed on May 1, 2025. The bankruptcy case was filed as a chapter 7 on March 14, 2025. The Debtor's assets were complicated and involved millions of dollars of property and subsidiaries in

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: DZS Inc. (9099); DZS Services Inc. (3763); and DZS California Inc. (3221) (each "Debtor" and collectively the "Debtors"). The location of the Debtors' service address for purposes of these Chapter 7 Cases is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

1

many countries. Due to the rapidly deteriorating circumstances and in order to preserve value for both the estate and the purchaser, Zhone, a very complex sale was negotiated and completed at an extremely fast pace for an estate of this size. These dire circumstances also necessitated the filing of the Sale Motion based on a Letter of Intent and not a proposed asset purchase agreement.

2.　　Subsequent to the closing of the transaction, several post-closing issues have arisen that the parties are working to resolve. One of those issues is the receivable owed by GmbH to the estate.

3.　　As part of the deal, Zhone acquired the accounts receivable which were still outstanding. The original asset purchase agreement ("APA") provided for a sale of, *inter alia*, "all accounts receivable of DZS, but only to the extent that such accounts receivable are unpaid and outstanding on the Closing Date."

4.　　After the filing of the Sale Motion, there were multiple communications regarding the Australian affiliate of the Debtors (generally referred to as "NetComm") which had entered into its own insolvency administration. The Australian administrator for NetComm was seeking to sell assets owned or claimed by NetComm. At the same time, with the deadline to object to the Sale Motion rapidly approaching, counsel for Purchaser and the Trustee were engaged in daily communications to attempt to finalize and file a proposed asset purchase agreement. Purchaser was also in negotiations regarding (a) acquisition of assets from NetComm from the Australian administrator and (b) acquisition of any equity in NetComm from the Trustee. The Australian administrator was also seeking higher offers. In order to address concerns related to potential claims by the Chapter 7 Trustee against NetComm, on April 22 it was agreed by counsel for Purchaser and the Trustee to include a provision intended to limit the ability of the Chapter 7

Trustee or Purchaser to assert any claims against NetComm.  Among the multiple revisions on was a modification to the description of accounts receivables as an Acquired Asset.  Specifically, there is language in the Sale Order which provides "all accounts receivable of Debtors and all notes receivables or other debts due or accruing due to Debtors pursuant to or related to the Acquired Assets or the Assumed Contracts, and the full benefit of all security for such accounts receivables, *provided, however, that notes receivables or other evidences of indebtedness between any Debtor and any Subsidiary or Affiliate of such Debtor (collectively, the "Intercompany Accounts") shall not be an Acquired Asset, shall be retained by such Debtors , shall be deemed an Excluded Asset; and each Party, , waives any and all rights to may have to assert any rights or claims for any amounts due under an Intercompany Account against any other Party or an Affiliate of any Party*" (the "Sale Order ").[2]

5.      The Sale Order Provision was included to address an issue raised by the Liquidator in Australia who wanted to limit claims which could be asserted against any successful bidder for the NetComm assets who was NOT Zhone.

6.      DZS GmbH was a subsidiary of DZS Services, Inc. which on June 2, 2025 initiated insolvency proceedings in Germany.  The APA defined "Affiliate" as controlled by or under common control where "control" means the "possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of voting securities, by Contract or otherwise."

7.      It is unlikely that there will be any distribution to any unsecured creditor in the GmbH insolvency proceedings.  On information and belief, the assets of GmbH had a value of less

---

[2] Emphasis added.

than $5 million euros, while claims are a multiple of the asset value, including employee and pension claims which are a priority claim.[3] The Trustee does not intend to incur any expenses pursuing unsecured claims against GmbH. Since the Sale Order Provision provides that the estate may not collect on the receivable, it has no value to the estate.

8. The Sale Order was not intended to provide a benefit without any consideration to the administrator of DZS GmbH, which owed millions of dollar to the Debtors.

9. The proof of claim deadline in these cases was June 16, 2025. No proof of claim was filed on behalf of GmbH.

10. The Trustee and Zhone have worked to successfully resolve multiple issues which have arisen prior to and since the closing on the sale to Zhone. Zhone and the Trustee anticipate it will be necessary to continue to attempt to cooperatively resolve current and future post-closing issues. The issue related to ownership of claims against GmbH is the first issue where court approval has been sought. The Trustee's agreement reflects the intent of the parties. The Trustee's cooperation is a showing of the good faith to work cooperatively to resolve issues. Zhone has indicated its agreement to negotiate in good faith to resolve any remaining issues.

11. There may be some benefit to Zhone if it is uncontested that Zhone owns and controls the claims of the Debtors against GmbH. For example, Zhone may be able to resolve claims related to inventory allegedly sold to GmbH. There is no such potential benefit to the Trustee or the bankruptcy estates.

12. There is also no benefit to the Chapter 7 estates to take a position adverse to Zhone

---

[3] Unlike in cases in the United States, currently there is no publicly available information regarding assets or liabilities.

4

that Zhone does not or should not own and control any claims of the Debtors' against GmbH, given the costs of participation under German insolvency administration and anticipated lack of any recovery for unsecured creditors on the GmbH proceeding.

### REQUESTED RELIEF AND BASIS FOR RELIEF

13. The Trustee requests the Court enter the proposed order attached hereto as **EXHIBIT A**, authorizing the Trustee to enter into the Stipulation. In the Stipulation, the Trustee and Zhone stipulate that any claims, to any Debtor by DZS GmbH (the "GmbH Claims"), including accounts receivables, promissory notes or other evidence of indebtedness owed to any Debtor by DZS GmbH should be deemed an Acquired Asset as defined on the APA. In the alternative, the GmbH Claims are deemed transferred to Zhone.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, in the form attached hereto, granting the Motion, and granting the Trustee such other and further relief as is just and proper.

[Remainder of this page intentionally left blank, signature page to follow.]

Date: August 15, 2025

| | |
|---|---|
| By: /s/ *Larry A. Levick* <br> Larry A. Levick <br> Texas State Bar No. 12252600 <br> Michelle E. Shriro <br> Texas State Bar No. 18310900 <br> Todd A. Hoodenpyle <br> Texas State Bar No. 00798265 <br> **SINGER & LEVICK, P.C.** <br> 16200 Addison Road, Suite 140 <br> Addison, Texas 75001 <br> Phone: 972-380-5533 <br> Email: levick@singerlevick.com <br> Email: mshriro@singerlevick.com <br> Email: hoodenpyle@singerlevick.com <br><br> **GENERAL COUNSEL FOR** <br> **MICHELLE H. CHOW, CHAPTER 7** <br> **TRUSTEE** | By: */s/ Deborah D. Williamson* <br> Deborah D. Williamson <br> Texas State Bar No. 21617500 <br> Dominique A. Douglas <br> Texas State Bar No. 24134409 <br> **DYKEMA GOSSETT PLLC** <br> 112 E. Pecan St., Suite 1800 <br> San Antonio, Texas 78205 <br> Phone: 210-554-5275 <br> Email: dwilliamson@dykema.com <br> Email: ddouglas@dykema.com <br><br> **ATTORNEYS FOR** <br> **ZHONE TECHNOLOGIES, INC.** |

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and LBR 9013(f), which includes the parties as shown below, on this 15th day of August, 2025; and to the parties on the attached Service List via first class mail, postage prepaid, on the 14th day of August, 2025.

| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
|---|---|
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |
| **Zhone Technologies**<br>5700 Tennyson Parkway<br>Suite 400<br>Plano, TX 7502<br>**VIA ECF Noticing through its attorney** | |

126685.000001 4938-4817-8015.1

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-40712 |
| DZS INC., *et al.*,[4] | § | |
| | § | (Chapter 7) |
| DEBTORS. | § | |

**ORDER GRANTING
AGREED MOTION TO APPROVE STIPULATION BETWEEN
MICHELLE H. CHOW, CHAPTER 7 TRUSTEE AND ZHONE TECHNOLOGIES, INC.**

This Court has considered the *Agreed Motion to Approve Stipulation Between Michelle H. Chow, Chapter 7 Trustee, and Zhone Technologies, Inc.* (the "Motion") and the underlying *Stipulation* (the "Stipulation") between Michelle H. Chow (the "Trustee"), chapter 7 trustee of DZS Inc. ("DZS"), DZS California, Inc. and DZS Services Inc. (collectively, the "Debtors"), and Zhone Technologies, Inc., ("Zhone" or "Purchaser"). Based upon the representations of the parties and their counsel, and the evidence presented at the hearing on the Motion, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) approval of the Stipulation and grating of the relief requested in the Motion as set out herein is in the best interests of the Estates and their creditors; (iv) proper and adequate notice of the hearing on the Motion has been given and no other or further notice is necessary under the circumstances; (v) all objections to the

---

[4] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: DZS Inc. (9099); DZS Services Inc. (3763); and DZS California Inc. (3221) (each "Debtor" and collectively the "Debtors"). The location of the Debtors' service address for purposes of these Chapter 7 Cases is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

1

Motion have been resolved by this Order or are overruled in their entirety; and (vi) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

**IT IS THEREFORE ORDERED** as follows:

1. The Motion is **GRANTED** as set out herein.

2. The Trustee and Zhone are hereby authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers, and to take any and all actions reasonably necessary or appropriate under the Stipulation attached to the Motion as **EXHIBIT B**.

3. The Court shall retain jurisdiction with respect to all matters related to the interpretation, implementation, and enforcement of the Stipulation.

Dated: _____

_____
**THE HONORABLE BRENDA T. RHODES
CHIEF UNITED STATES BANKRUPTCY JUDGE**

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-40712 |
| DZS INC., *et al.*,[1] | § | |
| | § | (Chapter 7) |
| DEBTORS. | § | |

STIPULATION AND AGREED ORDER OF
MICHELLE H. CHOW, CHAPTER 7 TRUSTEE AND
ZHONE TECHNOLOGIES, INC.

Michelle H. Chow (the "Trustee"), chapter 7 trustee of DZS Inc. ("DZS"), DZS California, Inc. and DZS Services Inc. (collectively, the "Debtors"), and Zhone Technologies, Inc., ("Zhone" or "Purchaser"), have reached an agreement (the "Stipulation and Agreed Order"), as set forth below. The Court has jurisdiction to enter this Stipulation and Agreed Order pursuant to 28 U.S.C. § 1334 and venue is proper in this District pursuant to 11 U.S.C. § 1408. This Stipulation and Agreed Order is intended to resolve issues raised or related to ownership of accounts and notes receivables owed by DZS GmbH ("GmbH") to one or more of the Debtors. GmbH is in administration in Germany. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order resolving such matters. Upon consideration of the proposed Stipulation and Agreed Order, the Court finds that good cause exists to grant the requested relief and approve the Stipulation and Agreed Order.

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: DZS Inc. (9099); DZS Services Inc. (3763); and DZS California Inc. (3221) (each "Debtor" and collectively the "Debtors"). The location filed the Debtors' service address for purposes of these Chapter 7 Cases is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

**THEREFORE, IT IS HEREBY STIPULATED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED AS FOLLOWS:**

1. By Order dated April 28, 2025, the Court approved the Trustee's *Motion for an Order Approving Sale of Certain Property of the Estate Free and Clear of All Liens, Claims and Encumbrances and Assumption and Assignment of Executory Contracts and Leases* (the "Sale Motion"), which provided for a sale of substantially all of the estate's assets to Zhone, which closed on May 1, 2025.  The bankruptcy case was filed as a chapter 7 on March 14, 2025.  The Debtor's assets were complicated and involved millions of dollars of property and subsidiaries in many countries.  Due to the rapidly deteriorating circumstances and in order to preserve value for both the estate and the purchaser, Zhone, a very complex sale was negotiated and completed at an extremely fast pace for an estate of this size.  These dire circumstances also necessitated the filing of the Sale Motion based on a Letter of Intent and not a proposed asset purchase agreement.

2. Subsequent to the closing of the transaction, several post-closing issues have arisen that the parties are working to resolve. One of those issues is the receivable owed by GmbH to the estate.

3. As part of the deal, Zhone acquired the accounts receivable which were still outstanding.  The original asset purchase agreement ("APA") provided for a sale of, *inter alia*, "all accounts receivable of DZS, but only to the extent that such accounts receivable are unpaid and outstanding on the Closing Date."

4. After the filing of the Sale Motion, there were multiple communications regarding the Australian affiliate of the Debtors (generally referred to as "NetComm") which had entered into its own insolvency administration.  The Australian administrator for NetComm was seeking to sell assets owned or claimed by NetComm.  At the same time, with the deadline to object to the

2

Sale Motion rapidly approaching, counsel for Purchaser and the Trustee were engaged in daily communications to attempt to finalize and file a proposed asset purchase agreement. Purchaser was also in negotiations regarding (a) acquisition of assets from NetComm from the Australian administrator and (b) acquisition of any equity in NetComm from the Trustee. The Australian administrator was also seeking higher offers. In order to address concerns related to potential claims by the Chapter 7 Trustee against NetComm, on April 22 it was agreed by counsel for Purchaser and the Trustee to include a provision intended to limit the ability of the Chapter 7 Trustee or Purchaser to assert any claims against NetComm. Among the multiple revisions on was a modification to the description of accounts receivables as an Acquired Asset. Specifically, there is language in the Sale Order which provides "all accounts receivable of Debtors and all notes receivables or other debts due or accruing due to Debtors pursuant to or related to the Acquired Assets or the Assumed Contracts, and the full benefit of all security for such accounts receivables, *provided, however, that notes receivables or other evidences of indebtedness between any Debtor and any Subsidiary or Affiliate of such Debtor (collectively, the "<u>Intercompany Accounts</u>") shall not be an Acquired Asset, shall be retained by such Debtors , shall be deemed an Excluded Asset; and each Party, , waives any and all rights to may have to assert any rights or claims for any amounts due under an Intercompany Account against any other Party or an Affiliate of any Party*" (the "Sale Order ").[2]

  5. The Sale Order Provision was included to address an issue raised by the Liquidator in Australia who wanted to limit claims which could be asserted against any successful bidder for the NetComm assets who was NOT Zhone.

  6. DZS GmbH was a subsidiary of DZS Services, Inc. which on June 2, 2025 initiated insolvency proceedings in Germany. The APA defined "Affiliate" as controlled by or under

---

[2] Emphasis added.

3

common control where "control" means the "possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of voting securities, by Contract or otherwise."

7. It is unlikely that there will be any distribution to any unsecured creditor in the GmbH insolvency proceedings. On information and belief, the assets of GmbH had a value of less than $5 million euros, while claims are a multiple of the asset value, including employee and pension claims which are a priority claim.[3] The Trustee does not intend to incur any expenses pursuing unsecured claims against GmbH. Since the Sale Order Provision provides that the estate may not collect on the receivable, it has no value to the estate.

8. The Sale Order Provision was not intended to provide a benefit without any consideration to the administrator of DZS GmbH, which owed millions of dollar to the Debtors.

9. The proof of claim deadline in these cases was June 16, 2025. No proof of claim was filed on behalf of GmbH.

10. The Trustee and Zhone have worked to successfully resolve multiple issues which have arisen prior to and since the closing on the sale to Zhone. Zhone and the Trustee anticipate it will be necessary to continue to attempt to cooperatively resolve current and future post-closing issues. The issue related to ownership of claims against GmbH is the first issue where court approval has been sought. The Trustee's agreement reflects the intent of the parties The Trustee's cooperation is a showing of the good faith to work cooperatively to resolve issues. Zhone has indicated its agreement to negotiate in good faith to resolve any remaining issues.

11. There may be some benefit to Zhone if it is uncontested that it owns and controls the claims of the Debtors against GmbH. For example, Zhone may be able to resolve claims related to inventory allegedly sold to GmbH. There is no such potential benefit to the Trustee or the

---

[3] Unlike in cases in the United States, currently there is no publicly available information regarding assets or liabilities.

4

bankruptcy estates.

12. There is also no benefit to the Chapter 7 estates to take a position adverse to Zhone that Zhone does not or should not own and control any claims of the Debtors' against GmbH, given the costs of participation under German insolvency administration and anticipated lack of any recovery for unsecured creditors on the GmbH proceeding.

13. The Trustee and Zhone stipulate that any claims, to any Debtor by DZS GmbH (the "GmbH Claims"), including accounts receivables, promissory notes or other evidence of indebtedness owed to any Debtor by DZS GmbH should be deemed an Acquired Asset as defined on the APA. In the alternative, the GmbH Claims are deemed transferred to Zhone.

Dated: _____

**THE HONORABLE BRENDA T. RHOADES**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**AGREED TO:**

By: /s/ *Larry A. Levick*
Larry A. Levick
Texas State Bar No. 12252600
Michelle E. Shriro
Texas State Bar No. 18310900
Todd A. Hoodenpyle
Texas State Bar No. 00798265
**SINGER & LEVICK, P.C.**
16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972-380-5533
Email: levick@singerlevick.com
Email: mshriro@singerlevick.com
Email: hoodenpyle@singerlevick.com

**GENERAL COUNSEL FOR**
**MICHELLE H. CHOW, CHAPTER 7**
**TRUSTEE**

By: */s/ Dominique A. Douglas*
Deborah D. Williamson
Texas State Bar No. 21617500
Dominique A. Douglas
Texas State Bar No. 24134409
**DYKEMA GOSSETT PLLC**
112 E. Pecan St., Suite 1800
San Antonio, Texas 78205
Phone: 210-554-5275
Email: dwilliamson@dykema.com
Email: ddouglas@dykema.com

**ATTORNEYS FOR**
**ZHONE TECHNOLOGIES, INC.**

5