**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 25-40712** |
| DZS INC., *et al.*,[1] | § | |
| | § | **(Chapter 7)** |
| DEBTORS. | § | |

**ZHONE TECHNOLOGIES, INC.'S WITNESS & EXHIBIT LIST**
**FOR HEARING ON AUGUST 19, 2025 AT 2:00 P.M. CENTRAL**

Zhone Technologies, Inc. formerly known as Fibre Acquisition Corporation ("Zhone") as Zhone of the Acquired Assets[2] in the above-captioned Chapter 7 case, through undersigned counsel files this *Witness & Exhibit List for Hearing on August 19, 2025 at 2:00 p.m. Central* (the "List").

## WITNESSES

Zhone may call the following witness at the hearing:

1. William Sandiford

Zhone reserves the right to call or not call any witnesses designated by any other party or interested person, including any person attending the hearing, as well as any rebuttal witnesses.

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: DZS Inc. (9099); DZS Services Inc. (3763); and DZS California Inc. (3221) (each "Debtor" and collectively the "Debtors"). The location of the Debtors' service address for purposes of these Chapter 7 Cases is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion and Sale Order.

1

126685.000001 4900-4223-2416.2

# EXHIBITS

Zhone designates the following exhibits that may be admitted:

| DEBTORS:<br>DZS INC., DZS Services Inc, and DZS California Inc. | MAIN BANKRUPTCY CASE NO.:<br>25-40712 |
|---|---|
| **CAPTION & CASE NO:** | **DATE OF TRIAL/HEARING AND NATURE OF PROCEEDING:**<br>August 19, 2025 at 2:00 p.m.<br><br>Hearing on Agreed Motion to Approve Stipulation Between Michelle H. Chow, Chapter 7 Trustee and Zhone Technologies, Inc.<br>[ECF No. 178] |
| **EXHIBIT LIST OF ZHONE TECHNOLOGIES, INC** |

| EXHIBIT NO. | DESCRIPTION OF EXHIBIT | OFFERED | OBJECTION | ADMITTED |
|---|---|---|---|---|
| 1 | Declaration of William Sandiford | | | |
| 2 | Stipulation and Agreed Order of Michelle H. Chow, Chapter 7 Trustee and Zhone Technologies, Inc. | | | |

Zhone reserves the right to use any exhibits presented by any other party or interested person. Zhone also reserves the right to use and/or present demonstratives for any purpose. Zhone also reserves the right to use exhibits, demonstratives, proffers, and testimony not listed here for impeachment or rebuttal purposes at the hearing.

Zhone reserves the right to supplement or amend this List at any time prior to the hearing. Any party wishing to receive a copy of any exhibits should email Deborah D. Williamson at dwilliamson@dykema.com. Requested exhibits will be provided by electronic transmission.

2

126685.000001 4900-4223-2416.2

|  |  |
|---|---|
| Dated:  August 18, 2025 | **DYKEMA GOSSETT PLLC**<br><br>By: */s/ Dominique A. Douglas*<br>Deborah D. Williamson<br>Texas State Bar No. 21617500<br>Dominique A. Douglas<br>Texas State Bar No. 24134409<br>**DYKEMA GOSSETT PLLC**<br>112 E. Pecan St., Suite 1800<br>San Antonio, Texas 78205<br>Phone: 210-554-5275<br>Email: dwilliamson@dykema.com<br>Email: ddouglas@dykema.com<br><br>**ATTORNEYS FOR**<br>**ZHONE TECHNOLOGIES, INC.**<br>**FORMERLY KNOWN AS**<br>**FIBRE ACQUISITION CORPORATION** |

3

# **EXHIBIT 1**

126685.000001  4900-4223-2416.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-40712 |
| DZS INC., *et al.*,[1] | § | |
| | § | (Chapter 7) |
| DEBTORS. | § | |

**DECLARATION OF WILLIAM SANDIFORD IN SUPPORT OF**
**THE AGREED MOTION TO APPROVE STIPULATION BETWEEN**
**MICHELLE H. CHOW, CHAPTER 7 TRUSTEE AND ZHONE TECHNOLOGIES, INC.**

If called to the stand, I would testify as follows:

1. I am the Chief Strategy Officer of Zhone Technologies, Inc. ("Zhone" or "Purchaser"). I am also the past President and Chairman of the Board of the Canadian Network Operators Consortium (CNOC), a not for profit trade association that represents the interests of Canada's independent telecommunications and internet service providers. I have over 24 years of senior management experience in the ISP and telecommunications business. I am the current Chair and member of the Board of Trustees of the American Registry for Internet Numbers (ARIN). I am also a former Vice-Chair of the board for the Canadian Internet Registration Authority (CIRA), former Vice-President of the Alberta Internet Exchange (ABIX), and a former Vice-President of the Toronto Internet Exchange (TorIX). I submit this in support of the *Agreed Motion to Approve Stipulation Between Michelle H Chow, Chapter 7 Trustee and Zhone Technologies, Inc.* (the "Agreed Motion).

2. The bankruptcy cases were filed as chapter 7 cases on March 14, 2025. The Debtors' assets were complicated and involved millions of dollars of property and subsidiaries in

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: DZS Inc. (9099); DZS Services Inc. (3763); and DZS California Inc. (3221) (each "Debtor" and collectively the "Debtors"). The location of the Debtors' service address for purposes of these Chapter 7 Cases is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

many countries. Two of those subsidiaries were DZS GmbH ("GmbH"), the German subsidiary and the Australian affiliate of the Debtors (generally referred to as "NetComm"). Due to the rapidly deteriorating circumstances and in order to preserve value, a very complex sale was negotiated and completed at an extremely fast pace for bankruptcy estates of this complexity.

3. I was personally involved in all aspects of negotiating the sale and relevant documents with Michelle H. Chow (the "Trustee"), the chapter 7 trustee Debtors. On April 8, 2024, the Trustee filed her *Motion for an Order Approving Sale of Certain Property of the Estate Free and Clear of All Liens, Claims and Encumbrances and Assumption and Assignment of Executory Contracts and Leases* (the "Sale Motion") [Dkt. 26], which provided for a sale of substantially all of the estate's assets to Zhone. The dire circumstances necessitated the filing of the Sale Motion based on a Letter of Intent and not a proposed asset purchase agreement.

4. Zhone acquired the accounts receivable of the Debtors which were still outstanding. The original letter of intent provided for a sale of, *inter alia*, "all accounts receivable of DZS, but only to the extent that such accounts receivable are unpaid and outstanding on the Closing Date." After filing of the Sale Motion, there were multiple communications regarding NetComm which had entered into its own insolvency administration. The Australian administrator for NetComm was seeking to sell assets owned or claimed by NetComm. Purchaser was trying to understand which entities owned which assets and whether the acquisition of NetComm and/or any of its assets would be of benefit to the Purchaser. At the same time, with the deadline to object to the Sale Motion rapidly approaching, counsel for Purchaser and the Trustee were engaged in daily communications to attempt to finalize and file a proposed asset purchase agreement. Purchaser was also in negotiations regarding (a) acquisition of assets from NetComm from the Australian administrator and (b) acquisition of any equity in NetComm from the Trustee. The

2

Australian administrator was also seeking higher offers. In order to address concerns related to potential claims by the Chapter 7 Trustee against NetComm, on April 22 it was agreed by counsel for Purchaser and the Trustee to include a provision intended to limit the ability of the Chapter 7 Trustee or Purchaser to assert any claims against NetComm. Among the multiple revisions on April 22 was a modification to the description of accounts receivables as an Acquired Asset. Specifically, the proposed asset purchase agreement was modified to provide that "all accounts receivable of Debtors and all notes receivables or other debts due or accruing due to Debtors pursuant to or related to the Acquired Assets or the Assumed Contracts, and the full benefit of all security for such accounts receivables, *provided, however, that notes receivables or other evidences of indebtedness between any Debtor and any Subsidiary or Affiliate of such Debtor (collectively, the "*<u>Intercompany Accounts</u>*") shall not be an Acquired Asset, shall be retained by such Debtors, shall be deemed an Excluded Asset; and each Party, waives any and all rights to may have to assert any rights or claims for any amounts due under an Intercompany Account against any other Party or an Affiliate of any Party*" (the "<u>Sale Order Provision</u>"). That change was incorporated into the *Order Granting Trustee's Motion For An Order Approving Sale Of Certain Property of The Estates Free And Clear Of All Liens, Claims, And Encumbrances And Assignment Of Executory Contracts And Leases* [Dkt. 112] (the "<u>Sale Order</u> ").[2]

5. Since this Court entered the Sale Order, Zhone has employed upwards of 200 employees and independent contractors who were previously employees of DZS and/or its affiliates and has continued to build upon the legacy of DZS and provided services to active customers in countries across the Americas, Europe/Middle East/Africa, and Australia/New Zealand.

---

[2] Emphasis added.

3

6. The Sale Order Provision was included to address an issue raised by the Liquidator in Australia who wanted to increase the value of NetComm by limiting claims which could be asserted against any successful bidder for the NetComm assets who was NOT Zhone.

7. The sale to Zhone closed on May 1, 2025 (the "Closing"). After Closing, Zhone began investigating the location of inventory, accounts receivables and other assets outside of the United States and Canada which were owned by the Debtors. As part of that process, Zhone analyzed the assets and liabilities of GmbH to the extent possible from available information.

8. On June 2, 2025, DZS GmbH formally initiated insolvency proceedings in Germany. The books and records of the Debtors indicate that GmbH had significant inter-company accounts receivables and/or note receivables owing to the Debtors – all on an unsecured basis. It is unlikely that there will be any distribution to any unsecured creditor in the GmbH insolvency proceedings. On information and belief, the assets of GmbH had a value of less than $5 million euros, while claims are a multiple of the asset value, including employee and pension claims which are a priority claim.[3]

9. The proof of claim deadline in these cases was June 16, 2025. No proof of claim was filed on behalf of GmbH.

10. The Trustee and Zhone have worked to successfully resolve multiple issues which have arisen prior to and since the closing on the sale to Zhone. Zhone and the Trustee anticipate it will be necessary to continue to attempt to cooperatively resolve current and future post-closing issues. The issue related to ownership of claims against GmbH is the first issue where court approval has been sought.

11. I was personally involved in the negotiation in the negotiations between Zhone and

---

[3] Unlike in cases in the United States, currently there is no publicly available information regarding assets or liabilities.

4

the Trustee. This Motion and proposed stipulation reflects the intent of the parties as to claims against subsidiaries other than NetComm. The Trustee's cooperation is a showing of good faith to work cooperatively to resolve issues. Zhone has indicated its agreement to negotiate in good faith to resolve any remaining issues.

12. There may be some benefit to Zhone if it is uncontested that Zhone owns and controls the claims of the Debtors against GmbH prior to a meeting of the creditors currently scheduled for August 27, 2025. For example, Zhone may be able to resolve claims related to inventory allegedly sold to GmbH. There is no such potential benefit to the Trustee or the bankruptcy estates.

13. There is also no benefit to the Chapter 7 estates to take a position adverse to Zhone that Zhone does not or should not own and control any claims of the Debtors' against GmbH, given the costs of participation under German insolvency administration and anticipated lack of any recovery for unsecured creditors on the GmbH proceeding.

14. The GmbH German insolvency proceeding is moving in an expedited manner and Zhone was recently made aware that the proposed GmbH insolvency plan will be discussed and possibly approved by a vote of the creditors at the meeting being held on August 27, 2025. It is our understanding that it is the current intent of the German insolvency administrator to circulate materials to holders of claims against GmbH in connection with the aforementioned meeting on or before August 20, 2025.

15. I am authorized to make the statements and representations contained in this statement on behalf of Zhone.

16. **I declare under penalty of perjury that the foregoing is true and correct.**

5

Dated: August 18, 2025

                                                      William Sandiford

                                                      Chief Strategy Officer of Zhone Technologies, Inc.

6

# **EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | CASE NO. 25-40712 |
| DZS INC., *et al.*,[1] | § § | (Chapter 7) |
| DEBTORS. | § | |

STIPULATION AND AGREED ORDER OF
MICHELLE H. CHOW, CHAPTER 7 TRUSTEE AND
ZHONE TECHNOLOGIES, INC.

Michelle H. Chow (the "Trustee"), chapter 7 trustee of DZS Inc. ("DZS"), DZS California, Inc. and DZS Services Inc. (collectively, the "Debtors"), and Zhone Technologies, Inc., ("Zhone" or "Purchaser"), have reached an agreement (the "Stipulation and Agreed Order"), as set forth below. The Court has jurisdiction to enter this Stipulation and Agreed Order pursuant to 28 U.S.C. § 1334 and venue is proper in this District pursuant to 11 U.S.C. § 1408. This Stipulation and Agreed Order is intended to resolve issues raised or related to ownership of accounts and notes receivables owed by DZS GmbH ("GmbH") to one or more of the Debtors. GmbH is in administration in Germany. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order resolving such matters. Upon consideration of the proposed Stipulation and Agreed Order, the Court finds that good cause exists to grant the requested relief and approve the Stipulation and Agreed Order.

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: DZS Inc. (9099); DZS Services Inc. (3763); and DZS California Inc. (3221) (each "Debtor" and collectively the "Debtors"). The location filed the Debtors' service address for purposes of these Chapter 7 Cases is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

**THEREFORE, IT IS HEREBY STIPULATED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED AS FOLLOWS:**

1. By Order dated April 28, 2025, the Court approved the Trustee's *Motion for an Order Approving Sale of Certain Property of the Estate Free and Clear of All Liens, Claims and Encumbrances and Assumption and Assignment of Executory Contracts and Leases* (the "Sale Motion"), which provided for a sale of substantially all of the estate's assets to Zhone, which closed on May 1, 2025. The bankruptcy case was filed as a chapter 7 on March 14, 2025. The Debtor's assets were complicated and involved millions of dollars of property and subsidiaries in many countries. Due to the rapidly deteriorating circumstances and in order to preserve value for both the estate and the purchaser, Zhone, a very complex sale was negotiated and completed at an extremely fast pace for an estate of this size. These dire circumstances also necessitated the filing of the Sale Motion based on a Letter of Intent and not a proposed asset purchase agreement.

2. Subsequent to the closing of the transaction, several post-closing issues have arisen that the parties are working to resolve. One of those issues is the receivable owed by GmbH to the estate.

3. As part of the deal, Zhone acquired the accounts receivable which were still outstanding. The original asset purchase agreement ("APA") provided for a sale of, *inter alia*, "all accounts receivable of DZS, but only to the extent that such accounts receivable are unpaid and outstanding on the Closing Date."

4. After the filing of the Sale Motion, there were multiple communications regarding the Australian affiliate of the Debtors (generally referred to as "NetComm") which had entered into its own insolvency administration. The Australian administrator for NetComm was seeking to sell assets owned or claimed by NetComm. At the same time, with the deadline to object to the

2

Sale Motion rapidly approaching, counsel for Purchaser and the Trustee were engaged in daily communications to attempt to finalize and file a proposed asset purchase agreement. Purchaser was also in negotiations regarding (a) acquisition of assets from NetComm from the Australian administrator and (b) acquisition of any equity in NetComm from the Trustee. The Australian administrator was also seeking higher offers. In order to address concerns related to potential claims by the Chapter 7 Trustee against NetComm, on April 22 it was agreed by counsel for Purchaser and the Trustee to include a provision intended to limit the ability of the Chapter 7 Trustee or Purchaser to assert any claims against NetComm. Among the multiple revisions on was a modification to the description of accounts receivables as an Acquired Asset. Specifically, there is language in the Sale Order which provides "all accounts receivable of Debtors and all notes receivables or other debts due or accruing due to Debtors pursuant to or related to the Acquired Assets or the Assumed Contracts, and the full benefit of all security for such accounts receivables, *provided, however, that notes receivables or other evidences of indebtedness between any Debtor and any Subsidiary or Affiliate of such Debtor (collectively, the "<u>Intercompany Accounts</u>") shall not be an Acquired Asset, shall be retained by such Debtors , shall be deemed an Excluded Asset; and each Party, , waives any and all rights to may have to assert any rights or claims for any amounts due under an Intercompany Account against any other Party or an Affiliate of any Party*" (the "Sale Order ").[2]

5.  The Sale Order Provision was included to address an issue raised by the Liquidator in Australia who wanted to limit claims which could be asserted against any successful bidder for the NetComm assets who was NOT Zhone.

6.  DZS GmbH was a subsidiary of DZS Services, Inc. which on June 2, 2025 initiated insolvency proceedings in Germany. The APA defined "Affiliate" as controlled by or under

---

[2] Emphasis added.

3

common control where "control" means the "possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of voting securities, by Contract or otherwise."

7. It is unlikely that there will be any distribution to any unsecured creditor in the GmbH insolvency proceedings. On information and belief, the assets of GmbH had a value of less than $5 million euros, while claims are a multiple of the asset value, including employee and pension claims which are a priority claim.[3] The Trustee does not intend to incur any expenses pursuing unsecured claims against GmbH. Since the Sale Order Provision provides that the estate may not collect on the receivable, it has no value to the estate.

8. The Sale Order Provision was not intended to provide a benefit without any consideration to the administrator of DZS GmbH, which owed millions of dollar to the Debtors.

9. The proof of claim deadline in these cases was June 16, 2025. No proof of claim was filed on behalf of GmbH.

10. The Trustee and Zhone have worked to successfully resolve multiple issues which have arisen prior to and since the closing on the sale to Zhone. Zhone and the Trustee anticipate it will be necessary to continue to attempt to cooperatively resolve current and future post-closing issues. The issue related to ownership of claims against GmbH is the first issue where court approval has been sought. The Trustee's agreement reflects the intent of the parties The Trustee's cooperation is a showing of the good faith to work cooperatively to resolve issues. Zhone has indicated its agreement to negotiate in good faith to resolve any remaining issues.

11. There may be some benefit to Zhone if it is uncontested that it owns and controls the claims of the Debtors against GmbH. For example, Zhone may be able to resolve claims related to inventory allegedly sold to GmbH. There is no such potential benefit to the Trustee or the

---

[3] Unlike in cases in the United States, currently there is no publicly available information regarding assets or liabilities.

4

bankruptcy estates.

12.     There is also no benefit to the Chapter 7 estates to take a position adverse to Zhone that Zhone does not or should not own and control any claims of the Debtors' against GmbH, given the costs of participation under German insolvency administration and anticipated lack of any recovery for unsecured creditors on the GmbH proceeding.

13.     The Trustee and Zhone stipulate that any claims, to any Debtor by DZS GmbH (the "GmbH Claims"), including accounts receivables, promissory notes or other evidence of indebtedness owed to any Debtor by DZS GmbH should be deemed an Acquired Asset as defined on the APA. In the alternative, the GmbH Claims are deemed transferred to Zhone.

Dated: _____

               **THE HONORABLE BRENDA T. RHOADES**
               **CHIEF UNITED STATES BANKRUPTCY JUDGE**

**AGREED TO:**

By: /s/ *Larry A. Levick*  
Larry A. Levick  
Texas State Bar No. 12252600  
Michelle E. Shriro  
Texas State Bar No. 18310900  
Todd A. Hoodenpyle  
Texas State Bar No. 00798265  
**SINGER & LEVICK, P.C.**  
16200 Addison Road, Suite 140  
Addison, Texas 75001  
Phone: 972-380-5533  
Email: levick@singerlevick.com  
Email: mshriro@singerlevick.com  
Email: hoodenpyle@singerlevick.com  

**GENERAL COUNSEL FOR**  
**MICHELLE H. CHOW, CHAPTER 7**  
**TRUSTEE**

By: */s/ Deb*  
Deborah D. Williamson  
Texas State Bar No. 21617500  
Dominique A. Douglas  
Texas State Bar No. 24134409  
**DYKEMA GOSSETT PLLC**  
112 E. Pecan St., Suite 1800  
San Antonio, Texas 78205  
Phone: 210-554-5275  
Email: dwilliamson@dykema.com  
Email: ddouglas@dykema.com  

**ATTORNEYS FOR**  
**ZHONE TECHNOLOGIES, INC.**

5