**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-40712 |
| DZS INC., | § | |
| | § | (Chapter 7) |
| DEBTOR. | § | |

**TRUSTEE'S OBJECTION TO PERFICIENT, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

**COMES NOW**, Michelle H. Chow, Chapter 7 Trustee of the Bankruptcy Estate of DZS, Inc., by and through her general counsel, Singer & Levick, P.C., and files this *Objection to Perficient, Inc's Motion for Relief from Automatic Stay* ("**Response**") and, in support of same, would respectfully show the Court as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 157 and 1334. This Application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and Sections 105 and 362 of the Bankruptcy Code.

2. Venue of this matter in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL AND PROCEDURAL BACKGROUND

3. On March 14, 2025 ("**Petition Date**"), DZS, Inc., DZS Services, Inc., and DZS California, Inc. (collectively, "**Debtor**") each filed a Voluntary Petition under Chapter 7 of Title 11 of the UNITED STATES BANKRUPTCY CODE ("**BANKRUPTCY CODE**") commencing the above-captioned case ("**Bankruptcy Case**").

4. Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for the Estate of James Elliot Davis, ("**Estate**").

**TRUSTEE'S OBJECTION TO PERFICIENT, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY
- Page 1**

5. On August 20, 2025, Perficient, Inc. ("**Movant**") filed Perficient, Inc.'s Motion for Relief from Automatic Stay ("**Motion**") (**Dkt.183**).

### III. RESPONSE

6. The Trustee admits the allegations contained in Paragraph 1 of the Motion.

7. The Trustee admits the allegations contained in Paragraph 2 of the Motion.

8. The Trustee admits the allegations contained in Paragraph 3 of the Motion.

9. The Trustee denies the allegations contained in Paragraph 4 of the Motion.

10. The Trustee admits the allegations contained in Paragraph 5 of the Motion.

11. The Trustee admits the allegations contained in Paragraph 6 of the Motion.

12. The Trustee admits the allegations contained in Paragraph 7 of the Motion.

13. The Trustee denies the allegations contained in Paragraph 8 of the Motion.

14. The Trustee lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of the Motion. To the extent that a response is required, the Trustee denies the allegations contained in Paragraph 9.

15. The Trustee lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of the Motion. To the extent that a response is required, the Trustee denies the allegations contained in Paragraph 10.

16. The Trustee lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the Motion. To the extent that a response is required, the Trustee denies the allegations contained in Paragraph 11.

17. The Trustee admits the allegations contained in Paragraph 12 of the Motion.

18. The Trustee admits the allegations contained in Paragraph 13 of the Motion.

19. The Trustee denies the allegations contained in Paragraph 14 of the Motion.

20. The Trustee denies the allegations contained in Paragraph 15 of the Motion.

21. The Trustee denies the allegations contained in Paragraph 16 of the Motion.

22. The Trustee denies the allegations contained in Paragraph 17 of the Motion.

23. The Trustee denies the allegations contained in Paragraph 18 of the Motion.

24. The Trustee denies the allegations contained in Paragraph 19 of the Motion.

25. The Trustee denies the allegations contained in Paragraph 20 of the Motion.

26. The Trustee denies the allegations contained in Paragraph 21 of the Motion.

27. The Trustee denies the allegations contained in Paragraph 22 of the Motion.

28. The Trustee denies the allegations contained in Paragraph 23 of the Motion.

29. The Trustee denies the allegations contained in Paragraph 24 of the Motion.

30. The Trustee admits the allegations contained in Paragraph 25 of the Motion.

31. The Trustee admits the allegations contained in Paragraph 26 of the Motion.

32. The Trustee admits the allegations contained in Paragraph 27 of the Motion.

33. The Trustee admits the allegations contained in Paragraph 28 of the Motion.

34. The Trustee admits the allegations contained in Paragraph 29 of the Motion.

35. The Trustee admits the allegations contained in Paragraph 30 of the Motion.

36. The Trustee denies the allegations contained in Paragraph 31 of the Motion.

37. The Trustee denies the allegations contained in Paragraph 32 of the Motion.

38. The Trustee denies the allegations contained in Paragraph 33 of the Motion.

39. The Trustee denies the allegations contained in Paragraph 34 of the Motion.

40. The Trustee denies the allegations contained in Paragraph 35 of the Motion.

41. The Trustee denies the allegations contained in Paragraph 36 of the Motion.

42. The Trustee denies the allegations contained in Paragraph 37 of the Motion.

43. The Trustee denies the allegations contained in Paragraph 38 of the Motion.

44. The Trustee denies the allegations contained in Paragraph 39 of the Motion.

___

45. The Trustee denies the allegations contained in Paragraph 40 of the Motion.

46. The Trustee denies the allegations contained in Paragraph 41 of the Motion.

47. The Trustee denies the allegations contained in Paragraph 42 of the Motion.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee respectfully prays that this Court take notice of the above Response and deny the relief requested by Movant, and that the Trustee be granted such other and further relief as may be just and proper.

**DATED: September 3, 2025**

Respectfully submitted,

SINGER & LEVICK, P.C.

By: /s/ Larry A. Levick
Larry A. Levick
State Bar No. 12252600
Michelle E. Shriro
State Bar No. 18310900
Todd A. Hoodenpyle
State Bar No. 00798265

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax:    972.380.5748
Email: levick@singerlevick.com
Email: mshriro@singerlevick.com
Email: hoodenpyle@singerlevick.com

GENERAL COUNSEL FOR
MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

---

**TRUSTEE'S OBJECTION TO PERFICIENT, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY
- Page 4**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties as shown below, on this 3rd day of September, 2025.

| | |
|---|---|
| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |
| **ATTORNEYS FOR MOVANT:**<br>Jason P. Kathman<br>Spencer Fane LLP<br>5700 Granite Parkway, Suite 650<br>Plano, TX 75024<br>**VIA ECF Noticing** | |

/s/ Larry A. Levick
Larry A. Levick