IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-40712 |
| | § | |
| DZS INC.,[1] | § | (Chapter 7) |
| | § | |
| DEBTOR. | § | (Jointly Administered) |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE
OF CONTROVERSY WITH EDGECO, LLC AND TO PAY REMAINDER OF
MEDIATOR'S FEE**

> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING.  YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS PLEADING UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.**
>
> **IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**
>
> **IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE.  IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221).  The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

---

COMES NOW, Michelle H. Chow, the Chapter 7 Trustee in the above-referenced Chapter 7 case, by and through her counsel Singer & Levick, P.C., and files *Trustee's Motion to Approve Compromise of Controversy with EdgeCo, LLC* ("**Motion**") and, in support of same, would respectfully show the Court as follows:

## I.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested herein is authorized under 11 U.S.C. §§105 and 541, as well as Bankruptcy Rule 9019(a).

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

2.    On March 14, 2025 ("**Petition Date**"), DZS Inc., DZS Services, LLC and DZS California, LLC. (collectively, the "**Debtor**") each filed their Voluntary Petitions under Chapter 7 of Title 11 of the UNITED STATES CODE ("**Bankruptcy Code**") commencing the above-captioned case ("**Bankruptcy Case**"). Simultaneously with the filing of its Petition, the Debtor also filed its Schedules and Statement of Financial Affairs.

3.    Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for the bankruptcy Estates of DZS ("**DZS Estate**"), DZS Services ("**DZS Services Estate**") and DZS California ("**DZS California Estate**") (and collectively the "**Estates**").

## II.

## MOTION TO COMPROMISE

4. On April 4, 2025, the Trustee filed *Trustee's Motion for an Order Approving Sale of Certain Property of the Estates Free and Clear of All Liens, Claims and Encumbrances and Assumption and Assignment of Executory Contracts and Leases* ("**Sale Motion**") [Dkt.26] in which the Trustee was seeking to sell substantially all of the assets in the DSZ estate for the purchase price of Eighteen Million and 00/100 Dollars ($18,000,000.00).

5. On April 4, 2025 EdgeCo, LLC ("**EdgeCo**") filed its secured Proof of Claim No. 6 (the "**EdgeCo Claim**") in the amount of Fifteen Million Three Hundred Thousand Five Hundred Ninety-Three and 10/00 Dollars ($15,300,593.10) claiming a lien on substantially all of the assets of the DZS estate. EdgeCo alleges it is an oversecured creditor.

6. On April 28, 2025, the Court entered it's *Order Granting Trustee's Motion for an Order Approving Sale of Certain Property of the Estates Free and Clear of All Liens, Claims, and Encumbrances and Assignment of Executory Contracts and Leases* ("**Sale Order**") [Dkt.112].

7. The sale for the purchase price of Eighteen Million and 00/100 Dollars ($18,000,000.00) closed on May 1, 2025.

8. Pursuant to the Sale Order, on May 2, 2025, the Trustee sent a check (which cleared the bank on May 6, 2025) to pay the purported principal amount due to EdgeCo on its loan in the amount of Eleven Million Seven Hundred Seventy Thousand Eight Hundred Fifty Eight and 78/100 Dollars ($11,770,858.78) (the "**Principal**") and set aside Four Million Three Hundred Thirty Nine Thousand One Hundred Forty One and 25/100 Dollars ($4,339,141.25) of sale proceeds to address EdgeCo's claims for prepayment premiums earned prepetition and/or post-petition, attorneys' fees accrued and in the future, late charges, default penalties, interest and default interest (the "**Claimed**

**Interest and Fees**"). The Trustee disputed many of these charges. The Trustee and counsel for the Trustee on the one hand and EdgeCo and EdgeCo's counsel on the other, held numerous calls and video conferences to discuss a resolution of EdgeCo's claim. The parties met with EdgeCo and its lawyers in-person and held a pre-mediation session on June 2, 2025. Such meeting proved unsuccessful and the parties convened again for a formal all-day mediation that occurred on June 30, 2025. Judge Harlin D. Hale with JAMS (Ret.) served as the mediator (the "**Mediator**"). The parties engaged in extensive pre-mediation and post-mediation briefing that they exchanged with one another. Although the parties were unable to reach a resolution during the mediation session, the Mediator ultimately submitted a mediator's proposal that was accepted by both parties. Pursuant to the terms of the settlement, the Trustee agrees to (i) the amount of the Principal already advanced to EdgeCo and releases all claims thereto; and (b) pay (within three (3) business days of the order granting this motion becoming final and nonappelable) EdgeCo the total sum of Two Million Three Hundred Thousand and No/100 Dollars ($2,300,000.00) in full satisfaction of EdgeCo's Principal and Claimed Interest and Fees. Additionally, the parties, Robert Binkele in his capacity as Manager of EdgeCo, and Ned Abdul, in his capacity as Class A and Class D Member of EdgeCo, will mutually release each other from any and all claims. Finally, within 14 days of receipt of funds, EdgeCo will withdraw its proof of claim.

9. The Trustee previously paid JAMS the sum of $3,750.00 pursuant to a previous court order authorizing payment for the mediation. Judge Hale did additional extensive work on the mediation both pre-mediation and post-mediation. The Trustee seeks authority to pay the remaining JAMS invoice of $2,800.00.

## IV.

## **RELIEF REQUESTED**

10. Pursuant to FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a), the Trustee requests that the Court approve the foregoing settlement.

11. Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

12. In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

  a. the probability of success on the merits and the resolution of the dispute;

  b. the complexity of the litigation being settled;

  c. the expense, inconvenience and delay associated with litigating the dispute; and

  d. the paramount interests of creditors.

*Foster Mortgage Corp. v. Connecticut General Life Ins. Co. (In re Foster Mortgage Corp.)*, 68 F.3d 914 (5th Cir. 1996); *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1158-59 (5th Cir. 1988), *cert. denied*, 105 S. Ct. 31 (1989); *U.S. v. Aweco, Inc. (In re Aweco, Inc.)*, 752 F.2d 293, 298 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

13. While it is necessary for the proponent of a compromise to set forth the factual and legal basis for the compromise so the court can make an intelligent and informed evaluation of the proposed settlement, it is not incumbent upon the proponent to present a mini-trial or a full evidentiary hearing. *Texas Extrusion*, 844 F.2d at 1158-59; *Aweco*, 725 F.2d at 298.

14. The issues involving entitlement to prepayment premiums, default interest and choice of law is complex and uncertain. The litigation would also be expensive and because of appeals could

last more than two (2) years. Additionally, EdgeCo as a purported oversecured creditor could claim all of its attorneys' fees and additional interest as part of its claim. Accordingly, the settlement is reasonable and should be approved as being in the best interest of the Estate and the creditors.

15. The Trustee is serving this Motion pursuant to the Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rule 2002-1(f).

## V.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, the Trustee prays that the Court approve the requested compromise, approve the additional $2,800.00 payment to JAMS, and for such other and further relief as she may show herself to be justly entitled.

**DATED:  September 19, 2025**

                                        Respectfully submitted,

                                        SINGER & LEVICK, P.C.

                                        By:    /s/ *Larry A. Levick*
                                                Larry A. Levick
                                                State Bar No. 12252600
                                                Michelle E. Shriro
                                                State Bar No. 18310900
                                                Todd A. Hoodenpyle
                                                State Bar No. 00798265

                                        16200 Addison Road, Suite 140
                                        Addison, Texas  75001
                                        Phone:  972.380.5533
                                        Fax:  972.380.5748
                                        Email:  levick@singerlevick.com
                                        Email:  mshriro@singerlevick.com
                                        Email: hoodenpyle@singerlevick.com

                                        GENERAL COUNSEL FOR
                                        MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties as shown below; and that a true and correct copy of the foregoing documents has been served on the parties shown on the attached Service List that has been compiled pursuant to Local Bankruptcy Rule 2002-1(f) via first class mail, postage prepaid, on this 19th day of September, 2025.

| | |
|---|---|
| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
| **COUNSEL FOR PURCHASER:**<br>Deborah D. Williamson<br>Dykema<br>112 E. Pecan Street, Suite 1800<br>San Antonio, TX 78205<br>**VIA EMAIL: dwilliamson@dykema.com** | **COUNSEL FOR EDGECO, LLC:**<br>R. Adam Swick<br>Ackerman LLP<br>500 West 5th Street, Suite 1210<br>Austin, TX 78701<br>**VIA EMAIL: adam.swick@akerman.com** |
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |

/s/ *Michelle E. Shriro*
Michelle E. Shriro