**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-40712 |
| | § | |
| DZS INC.,[1] | § | (Chapter 7) |
| | § | |
| DEBTOR. | § | (Jointly Administered) |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE
OF CONTROVERSY WITH BOWEI TECHNOLOGY**

> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU <u>MUST</u> FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS PLEADING UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.**
>
> **IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**
>
> **IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221). The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

---

**COMES NOW**, Michelle H. Chow, the Chapter 7 Trustee in the above-referenced Chapter 7 case, by and through her counsel Singer & Levick, P.C., and files *Trustee's Motion to Approve Compromise of Controversy with Bowei Technology* ("**Motion**") and, in support of same, would respectfully show the Court as follows:

## I.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested herein is authorized under 11 U.S.C. §§105 and 541, as well as Bankruptcy Rule 9019(a).

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

2. On March 14, 2025 ("**Petition Date**"), DZS Inc., DZS Services, LLC and DZS California, LLC. (collectively, the "**Debtor**") each filed their Voluntary Petitions under Chapter 7 of Title 11 of the UNITED STATES CODE ("**Bankruptcy Code**") commencing the above-captioned case ("**Bankruptcy Case**"). Simultaneously with the filing of its Petition, the Debtor also filed its Schedules and Statement of Financial Affairs.

3. Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for the bankruptcy Estates of DZS ("**DZS Estate**"), DZS Services ("**DZS Services Estate**") and DZS California ("**DZS California Estate**") (and collectively the "**Estates**").

## II.

## **MOTION TO COMPROMISE**

4. On May 12, 2025, Bowei Technology ("Bowei") filed its Application for Payment of Administrative Claim (Dkt.143) ("Administrative Expense Claim") in which it sought the payment of Five Hundred Fifty Five Thousand One Hundred Forty Eight and 00/100 Dollars ($555,148.00) under 11 U.S.C. § 503(b)(9) for various goods purportedly shipped to the Debtor. Bowei also filed its Proof of Claim on April 17, 2025 in the amount of Six Million Two Hundred Fifteen Thousand Seven Hundred Eighty Two and 00/100 Dollars ($6,215,782.00).

5. The Trustee has asserted a possible preference against Bowei for payments made within 90 days of the filing of the bankruptcy. The Trustee contests the validity of the Administrative Expense Claim and Bowei has asserted defenses to the Trustee's possible preference.

6. After an exchange of information and a lengthy informal in-person settlement conference, the parties ultimately reached an agreement whereby the Trustee will pay to Bowei the sum of Two Hundred Thousand and 00/100 Dollars ($200,000.00) and the parties will release any and all claims against the other including the Bowei Proof of Claim. In fact, Bowei will withdraw its Proof of Claim upon its receipt of the payment from the Trustee.

## III.

## **RELIEF REQUESTED**

7. Pursuant to FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a), the Trustee requests that the Court approve the foregoing settlement.

8. Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

9. In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

    a. the probability of success on the merits and the resolution of the dispute;

    b. the complexity of the litigation being settled;

    c. the expense, inconvenience and delay associated with litigating the dispute; and

    d. the paramount interests of creditors.

*Foster Mortgage Corp. v. Connecticut General Life Ins. Co. (In re Foster Mortgage Corp.)*, 68 F.3d 914 (5th Cir. 1996); *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1158-59 (5th Cir. 1988), *cert. denied*, 105 S. Ct. 31 (1989); *U.S. v. Aweco, Inc. (In re Aweco, Inc.)*, 752 F.2d 293, 298 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

10. While it is necessary for the proponent of a compromise to set forth the factual and legal basis for the compromise so the court can make an intelligent and informed evaluation of the proposed settlement, it is not incumbent upon the proponent to present a mini-trial or a full evidentiary hearing. *Texas Extrusion*, 844 F.2d at 1158-59; *Aweco*, 725 F.2d at 298.

11. The issues surrounding the preference and the administrative expense claim are complex and uncertain and would prove expensive if litigated. Accordingly, the Court should approve this settlement as being in the best interests of the Estate.

12. The Trustee is serving this Motion pursuant to the Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rule 2002-1(f).

## IV.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Trustee prays that the Court approve the requested compromise, and for such other and further relief as she may show herself to be justly entitled.

**DATED:  October 22, 2025**

            Respectfully submitted,

            SINGER & LEVICK, P.C.

            By:    /s/ *Larry A. Levick*
                    Larry A. Levick
                    State Bar No. 12252600
                    Michelle E. Shriro
                    State Bar No. 18310900
                    Todd A. Hoodenpyle
                    State Bar No. 00798265

            16200 Addison Road, Suite 140
            Addison, Texas  75001
            Phone:  972.380.5533
            Fax:  972.380.5748
            Email:  levick@singerlevick.com
            Email:  mshriro@singerlevick.com
            Email:  hoodenpyle@singerlevick.com

            GENERAL COUNSEL FOR
            MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties as shown below; and that a true and correct copy of the foregoing documents has been served on the parties shown on the attached Service List that has been compiled pursuant to Local Bankruptcy Rule 2002-1(f) via first class mail, postage prepaid, on this 22nd day of October, 2025.

| | |
|---|---|
| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
| **BOWEI TECHNOLOGY:**<br>Bowei Technology<br>c/o Ning Ou-Yang<br>5941 Willowross Way<br>Plano, TX 75093<br>**VIA ECF Noticing through its attorney** | **COUNSEL FOR BOWEI TECHNOLOGY:**<br>Richard G. DaFoe<br>Waddell Serafino Geary Rechner Jenevein, PC<br>1717 Main Street, Suite 2500<br>Dallas, TX 75201<br>**VIA ECF Noticing** |
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |

/s/ *Larry A. Levick*
Larry A. Levick