## FIRST INTERIM FEE APPLICATION COVER SHEET

First Interim Fee Application of: **GRABLE MARTIN PLLC**

Capacity: **Special Counsel to Michelle Chow, Chapter 7 Trustee**

Time Period:  **March 18, 2025 – August 31, 2025**

Bankruptcy Petition Filed on: **March 14, 2025**

Date of Entry of Retention Order:  **Dkt. 89**

Status of Case**: Ongoing**

| Amounts Requested | | | Reductions | |
|---|---|---|---|---|
| Fees | $ 443,761.00 | | Voluntary Fee Reductions | $ 0.00 |
| Expenses | $ 1,464.87 | | Expense Reductions | $ 0.00 |
| Other | $ 0.00 | | Total Reductions | $ 0.00 |
| Total | $ 445,225.87 | | | |

| Draw Down Request | | | Expense Detail | |
|---|---|---|---|---|
| Retainer Received | $ 0.00 | | Filing Fees | $ 636.00 |
| Previous Draw Down(s) | $ 0.00 | | Computer Research | $ 120.00 |
| Remaining Retainer (now) | $ 0.00 | | Travel | $ 644.00 |
| Requested Draw Down | $ 0.00 | | Delivery Fees | $ 0.00 |
| Retainer Remaining (after) | $ 0.00 | | Copies: $2.40/12 pages x 0.2 | $2.40 |
| | | | Postage | $ 62.47 |

| Hourly Rates | Attorney / Accountant | Paralegal / Clerical |
|---|---|---|
| Highest Billed Rate | $525.00 | $ 250.00 |
| Total Hours Billed | 923.80 | 39.3 |
| Blended Rate | $ 469.73 | $250.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 25-40712** |
| | § | |
| **DZS INC.,**[1] | § | **Chapter 7** |
| | § | |
| **DEBTORS.** | § | **(Jointly Administered)** |

**INTERIM APPLICATION OF GRABLE MARTIN PLLC, SPECIAL COUNSEL TO THE TRUSTEE, FOR ALLOWANCE OF COMPENSATION OF FEES AND REIMBURSEMENT OF EXPENSES INCURRED IN CONNECTION WITH DEBTOR DZS INC. FOR THE PERIOD FROM MARCH 18, 2025 TO AUGUST 31, 2025**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS PLEADING UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.**

**IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

**IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221). The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

**COMES NOW**, Grable Martin PLLC ("**Applicant**" or "**Special Counsel**"), Special Counsel for Michelle H. Chow, Chapter 7 Trustee*, and files this *First Interim Application of Grable Martin PLLC, Special Counsel to the Trustee for Allowance of Compensation of Fees and Reimbursement of Expenses Incurred in Connection with Debtor DZS Inc. from March 18, 2025 Through August 31, 2025* ("**Application**"), requesting the Court's approval to compensate Applicant for its Legal Services provided to the Trustee solely in connection with DZS Inc, as more fully described in this Application, pursuant Section 330(a) and 331 of the Bankruptcy Code, for the period from March 16, 2025 through August 31, 2025 ("**Compensation Period**") and, in support thereof, would respectfully show unto the Court as follows:

## I.      BACKGROUND

1.      On March 14, 2025 (the "**Petition Date**"), DZS Inc. ("**Debtor**") filed a voluntary Petition under Chapter 7 of Title 11 of the UNITED STATES CODE, 11 U.S.C. §§ 101-1532[2], commencing the above-captioned case ("**Bankruptcy Case**").

2.      Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for the Estate of DZS Inc. ("**Estate**").

3.      On March 17, 2025, the Trustee filed an *Application to Employ Singer & Levick, P.C. as General Bankruptcy Counsel to the Trustee* (Docket No. 6) ("**Application to Employ General Counsel**") requesting that Singer & Levick, P.C. serve as General Counsel to the Trustee ("**General Counsel**") by providing legal advice to the Trustee related to this Bankruptcy Case and perform all legal services requested by the Trustee for this Bankruptcy Case. The Application to Employ General Counsel was granted on April 3, 2025 (Docket No. 21).

---

[2] All other references to 11 U.S.C. §§ 101, *et seq* shall be referred to as the "*Bankruptcy Code*".

4.      Prior to the Petition Date, the Debtor operated as a publicly traded U.S.-based telecommunications company that developed and supplied complex array of optical and access networking products, along with cloud-based software services for broadband network management, selling products and services to US based customers as well as large number of internationally based customers. Debtor had a significant portfolio of assets consisting of inventory, equipment, receivables, customer contracts, patents, and other intellectual property ("**Assets**"), which the Debtor valued as being worth millions of dollars. Many of the Assets are located across the country, and in addition, the Debtor had significant assets and subsidiaries, which were in bankruptcy, around the world. As such, this Bankruptcy Case is far from typical in both terms of the size of the case and the complexity of the Assets involved.

5.      The General Counsel, on behalf of the Trustee, quickly determined, that while there were a number of interested buyers for the Assets, most such buyers were interested in acquiring the Assets on an immediate basis in order to re-hire the employees of the Debtor terminated as of the Petition Date with a goal of continuing to operate the business of the Debtor in the same manner that it has operated prior to filing the Bankruptcy Case.

6.      In order to facilitate an immediate sale of the Assets at maximum value, General Counsel advised the Trustee that separate counsel would need to be hired to provide, in coordination with the General Counsel, specialized transactional services required to complete an expedited sale of Debtor's highly technical Assets to an interested buyer.

7.      On April 7, 2025, the Trustee filed an *Application to Employ Grable Martin, PLLC as Special Counsel to the Trustee* (Docket No. 40) ("**Application to Employ Special Counsel**") requesting that the Court employ Grable Martin PLLC, as Special Counsel to the Trustee, primarily to provide the specialized transactional services required to complete a sale of the Assets at

maximum value. In addition, Trustee engaged Special Counsel to provide services with regard to the Debtor's ongoing status as a publicly traded entity and various intellectual property matters ("**Legal Services**"). The Application to Employ Special Counsel was granted on April 25, 2025 (Docket No. 89).

8.     Special Counsel's activities during the Compensation Period consisted of the following categories: (a) Case Administration; (b) Corporate Matters; (c) Employment Application; (c) Application; (d) IP and Patent Matters; (e) Sale Matters; and (f) SEC Matters.

9.     Following an extensive marketing effort led by Special Counsel, in coordination with the General Counsel, a number of buyers expressed interest in purchasing the Assets and requested access to extensive information necessary to complete due diligence regarding the Assets. Extensive efforts were required by Special Counsel and General Counsel in order to locate and access the requested information and to respond to all such due diligence requests due to the lack of access to the Debtor's operating systems, many of which had been turned off, and Debtor's employees, which had all been terminated.

10.     Despite these handicaps, Special Counsel, in coordination with the General Counsel and Trustee, successfully negotiated a sale of substantially all the Assets to Zhone Technologies, Inc. (a company newly formed for the purpose of acquiring the Assets and referred to in this Application as the "**Buyer**") which included the acquisition of all of the Debtor's technology, intellectual property, labs and IT infrastructure located or otherwise held in the US, the issued shares of several of the Debtor's international subsidiaries, and assignment of most of the Debtor's customer and supplier contracts ("**Assigned Contracts**") with the intent to re-hire most of the former US based employees of the Debtor ("**Purchased Assets**"). In exchange for the Purchased Assets, the Buyer agreed to pay the Trustee cash in the amount of $18,000,000.00 (Eighteen

Million United States Dollars) and to pay the Debtor's cure costs owed for each of the Assigned Contracts ("**Purchase Price**") (Purchase Price, Purchased Assets, Assigned Contracts and all other elements of the sale of the Assets to the Buyer will be referred to in this Application as the "**Sale Transaction**").

11.     On April 4, 2025, the Trustee, requesting the Court's approval of the Sale Transaction, filed the *Motion for an Order Approving Sale of Certain Property of the Estate Free and Clear of All Liens, Claims and Encumbrances and Assumption and Assignment of Executory Contracts and Leases* (Docket No. 26) ("**Motion for Sale of Assets**")

12.     On April 28, 2025, the Court approved the Motion for Sale of Assets (Docket No. 112) thereby facilitating the Trustee's ability to complete the Sale Transaction.

13.     On May 1, 2025, Buyer paid the Trustee the Purchase Price, and the Trustee completed the transfer of the Purchased Assets and Assigned Contracts, as applicable, to the Buyer thereby consummating the Sale Transaction.

## II.     JURISDICTION AND VENUE

14.     The Court has jurisdiction of this Application under 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b).

15.     Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

16.     The statutory predicates for the relief requested in this Application are 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

## III.     BASIS FOR COMPENSATION

17.     The Sale Transaction was a highly complex and time-sensitive transaction that resulted in a substantial benefit to the Debtor's estate and its creditors. Within approximately 45 days of the Petition Date, Special Counsel, in coordination with General Counsel and Trustee, was

able to negotiate, document, and close the Sale Transaction which generated $18 million in cash consideration plus the payment of significant Cure Amounts. This result provided the Trustee with the funds needed to reach a settlement with the secured creditor of the Debtor, with a remaining cash balance of over $6 million currently held in trust by the Trustee. This represents a substantially better outcome than could reasonably have been anticipated had the General Counsel and Trustee not engaged Special Counsel, given the nature of the Assets and the circumstances of this Bankruptcy Case.

18.    The Sale Transaction was not a typical Chapter 7 liquidation. The Assets were highly specialized and difficult to market, requiring specialized knowledge regarding the technical nature of the Assets. Special Counsel possessed this knowledge through its experience as the Debtor's primary outside counsel for over five (5) years prior to the filing of the Bankruptcy Case, as further described in the Application to Employ Special Counsel. In addition, extensive efforts were required by Special Counsel, in coordination with the General Counsel, to identify an appropriate purchaser, address numerous operational and intellectual property issues, and guide the Trustee through the complex sale process for the Assets and in order to complete the Sale Transaction on an expedited basis which was necessary in order preserve the value of the Assets. The challenges were compounded by the fact that the Debtor's personnel were no longer available to provide information or assist with the due diligence process. As a result, Special Counsel and General Counsel devoted extraordinary time and resources in order to locate and provide information to the Buyer, and other potential buyers, in response to extensive due diligence inquiries, a role that in most cases would have been handled by the Debtor's employees.

19.    The scope and complexity of the Sale Transaction was comparable to a Chapter 11 sale process, which typically requires nine (9) months or more to complete, yet the Special Counsel

and General Counsel working together on behalf of the Trustee, were able to complete the Sale

Transaction in just 45 days. This focused effort required the professionals of Special Counsel and

General Counsel assigned to this Bankruptcy Case to set aside other matters and devote virtually

all of their attention to the Sale Transaction.

20.     As a direct result of Special Counsel's Legal Services, provided in coordination

with the services of General Counsel, the Trustee, on behalf of the Debtor, received maximum

value for the Assets, thereby creating a substantial recovery for both secured and unsecured

creditors of the Debtor. The fees requested in this Application for Special Counsel's Legal Services

reflect the significant effort required to achieve this outcome and the meaningful benefit delivered

to Debtor's creditors.

21.     Applicant is seeking compensation for its Legal Services pursuant to section 330 of

the Bankruptcy Code, which grants the Court wide discretion to award "reasonable compensation."

A detailed analysis of the twelve factors promulgated in *Johnson v. Georgia Highway Express,*

*Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), as required by 11 U.S.C. § 330 and applicable Fifth

Circuit precedent, is set forth below.

**A.  Special Counsel's Fees**

22.      Applicant is seeking an award of its interim compensation for its Legal Services

provided to the Trustee solely in connection with DZS Inc. and incurred during the Compensation

Period in the amount of **$443,761.00 ("Fees")**  all of which are itemized in detail on the invoice

attached as Exhibit A to this Application.

23.     Pursuant to Local Rule 2016(a)(2), regarding *Compensation Support,* summaries

of the hours and rates charged for the Legal Services during the Compensation Period, itemized

by category and by legal professional, are set forth below:

*Summary of Fess by Category during the Compensation Period:*

| Category | Hours | Total Amount | Percentage of Total |
|---|---|---|---|
| Case Administration | 4.6h | $2,069.50 | 0.52% |
| Corporate Matters | 4.6h | $2,277.00 | 0.52% |
| Employment Application | 77.7h | $33,481.50 | 7.79% |
| Fee Application | 24.5h | $10,115.00 | 2.15% |
| IP and Patent Matters | 86.6h | $35,445.00 | 8.23% |
| Sale Matters | 764.1h | $359,890.00 | 80.68% |
| SEC Matters | 1h | $483.00 | 0.11% |
| Total | 963.1 | $443,761.00 | 100% |

*Summary of Fess by Professional during the Compensation Period:*

| Professional | Type | Billing Rate | Hours Billed | Amount Billed |
|---|---|---|---|---|
| Shauna Martin | Attorney | $475.00 | 327.60 | $155,610.00 |
| M.E. Heard | Attorney | $525.00 | 252.90 | $132,772.50 |
| Eddie Martin | Attorney | $495.00 | 137.30 | $67,963.50 |
| Spencer Patterson | Attorney | $495.00 | 109.80 | $43,920.00 |
| Julia Helgeson | Attorney | $350.00 | 96.20 | $33,670.00 |
| J. Selbig | Paralegal | $250.00 | 39.3 | $9,825.00 |
| | | TOTALS | 963.10 | $443,761.00 |
| | | Effective Hourly Rate | $460.76 | |

24.    These Fees are similar to fees charged by Special Counsel for similar services performed for other clients of Special Counsel.

25.    All Legal Services were performed by Applicant for and on behalf of the Trustee and not on behalf of any other entity or other person.

26.    No agreement or understanding exists between Special Counsel and any other person (other than members, counsel, and employees of Special Counsel) with respect to sharing the compensation to be allowed by Special Counsel for Legal Services rendered or to be rendered in connection with this Bankruptcy Case.

27.     No promises have been made for compensation of Special Counsel, other than as set forth in (i) the Application to Employ Special Counsel and related retention order, and (ii) this Application.

**B.  Special Counsel's Expenses**

28.     Special Counsel incurred and paid out-of-pocket expenses in connection with providing the Legal Services to the Trustee solely in connection with DZS Inc. during the Compensation Period in the amount of **$1,464.87** ("**Expenses**"), all of which are itemized by category on Exhibit B attached to this Application.   Special Counsel maintained detailed contemporaneous records of those expenditures and the Expenses incurred, all of which are reasonable and necessary pursuant to 11 U.S.C. § 330(a)(1)(B). All receipts for Expenses have been retained and are available for review upon request. The Expenses incurred in the provision of the Legal Services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtor.

## IV.     LEGAL STANDARD AND ANALYSIS

29.     Section 330 of the Bankruptcy Code grants bankruptcy courts wide discretion to award "reasonable compensation" to attorneys employed by the estate. 11 U.S.C. § 330(a)(1)(A). In determining reasonable compensation, bankruptcy courts within the Fifth Circuit address the twelve factors promulgated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974); see also *In re Pilgrim's Pride*, 690 F.3d 650, 654-56 (5th Cir. 2012).

30.     The *Johnson* factors weigh in favor of awarding Special Counsel the Fees requested as compensation for the Legal Services provided.

a.  *Time and Labor Required*. The time entries included in Exhibit A to this Application detail all the work Special Counsel performed related to the Legal

Services during the Compensation Period, including the date the Legal Services were performed, the individual professionals performing such Legal Services, a description of the Legal Services, and the time expended by each professional. The Trustee believes that such detail establishes that this request for the payment of the Fees is reasonable. Special Counsel's Legal Services specified in this Application were actual and necessary in order for the General Counsel, working on behalf of the Trustee, to successfully complete the Sale Transaction which thereby generated meaningful value for distribution to Debtor's creditors.

b. *Novelty and Difficulty*. The Assets consisted of highly technical equipment and services, requiring professionals with extensive experience selling assets of a similar nature to negotiate a successful sale transaction.

c. *Skill Required to Properly Perform the Legal Services*. Special Counsel and its legal professionals have extensive experience providing specialized legal services of a similar nature to other clients. Shauna Martin, the legal professional in charge of providing the Legal Services, has over 30 years of experience representing and advising clients regarding the sale of assets similar in nature to the Debtor's Assets, having previously completed over two dozen similar transactions.

d. *Preclusion of Other Employment*. Other than taking up time that might have been devoted to other matters, Special Counsel's representation in this case did not preclude it from accepting other employment.

e. *Customary Fee*. Special Counsel respectfully submits that the Fees sought to be paid to it herein are reasonable and customary given the complex and specialized nature of the Assets, the extensive effort required to provide the due diligence

information requested by Buyer and other potential buyers, and the speed at which Special Counsel, in coordination with General Counsel, performed the Legal Services.

f.   *Whether the Fee is Fixed or Contingent*. Special Counsel's Fees are neither fixed nor contingent. Rather, they are hourly.

g.   *Time Limitations Imposed by Client or Other Circumstance*s. This Bankruptcy Case was filed on an urgent basis with limited preparation by the Debtor, and the Buyer required the Trustee to complete the Sale Transaction on an expedited basis. As a result, both Special Counsel and General Counsel were required to allocate vast resources and act quickly, in priority to other legal matters, in order to complete the Sale Transaction within 45 days, as required by the Buyer.

h.   *Amount Involved and Results Obtained*. Special Counsel's Fees provided in exchange for the Legal Services provided to the General Counsel and Trustee are reasonable, given the extremely favorable Purchase Price received from the Sale Transaction, resulting in sufficient funds for payment of all amounts owed to the Debtor's secured creditor and meaningful, significant payments to the unsecured creditors of the Debtor.

i.   *Experience, Reputation, and Ability of the Attorneys*. Special Counsel's legal professionals assigned to this Bankruptcy Case collectively have over 100 years of experience with legal matters similar to the Legal Services provided to Trustee. Specifically, Shauna Martin, the legal professional in charge of the Legal Services provided, has over 30 years' experience representing and advising clients regarding mergers and acquisitions, compliance with securities regulations and corporate,

commercial contracts and intellectual property matters. Eddie Martin, who assisted Ms. Martin in providing the Legal Services, also has over 30 years' experience representing and advising clients regarding mergers and acquisitions, compliance with securities regulations, and lending and corporate matters. Spencer Patterson, who provided Legal Services regarding intellectual property matters related to the Assets, has over 30 years' experience representing and advising clients regarding similar intellectual property matters, including trademarks, patents, and software licenses. The primary bankruptcy professional for Special Counsel, Mary Elizabeth Heard, who provided Legal Services specific to the Bankruptcy Rules related to the Sale Transaction, has over 17 years' experience in bankruptcy matters, and has regularly undertaken significant representations including complex chapter 11 cases and sales of similar assets in chapter 11 and chapter 7 cases. Special Counsel is a full-service law firm, and its attorneys have substantial reputations in the legal community for their legal services related to transactions of all types, corporate matters, real estate matters, mergers and acquisitions, litigation, commercial contracting, and a variety of other non-bankruptcy legal matters.

j.   *"Undesirability" of Case*. The case was not undesirable.

k.   *The Nature and Length of the Professional Relationship with the Client*. As fully disclosed in the Application to Employ Special Counsel and pursuant to Bankruptcy Rule 2014(a), prior to the Petition Date, and over the course of more than five (5) years, Special Counsel handled the following legal matters for the Debtor: mergers and acquisitions, securities compliance, litigation, intellectual property and patent advice, employment advice, contract review and management, and general

corporate matters ("**Prior Legal Services**"). As a result of the long history of working with the Debtor to provide Prior Legal Services, Special Counsel possessed deep knowledge and expertise with regard to the Assets and the Debtor's operations prior to the Petition Date.

l.   *Awards in Similar Cases*. The Trustee, in consultation with the General Counsel, has determined that the Fees requested by Special Counsel as compensation for the Legal Services are lower than fees typically allowed for similarly experienced firms in proceedings of similar scope, complexity and circumstances, particularly given the extremely favorable results achieved for the Trustee as previously described in this Application.

## V.    OTHER FACTORS

31.    The Fees related to the Legal Services provided by Special Counsel, in coordination with the General Counsel, were necessary to maximize the value received by the Trustee for the sale of the Debtor's Assets, thereby resulting in a much higher yield to the Debtor's creditors, and are therefore fair and reasonable considering the results achieved. Accordingly, Special Counsel believes that all of the foregoing factors clearly justify the payment of its requested Fees as compensation for the Legal Services described in this Application.

## VI.    CONCLUSION

**BASED UPON THE FOREGOING**, the Applicant seeks Court approval for the Trustee to pay Special Counsel's Fees in the amount of **$443,761.00**, and reimburse Special Counsel for Expenses in the amount of **$1,464.87**, for a total amount of Fees and Expenses of **$445,225.87** to be paid to Special Counsel as compensation for its Legal Services provided to the Trustee in connection with DZS Inc. during the Compensation Period.

**WHEREFORE, PREMISES CONSIDERED**, Applicant respectfully requests that this Court:

1.     Approve this Application;

2.     Approve, allow and award on an interim basis Applicant's professional fees incurred in connection with the DZS Inc. Bankruptcy Case in the amount of **$443,761.00**;

3.     Approve, allow and award on an interim basis Applicant's expenses fees incurred in connection with the DZS Inc. Bankruptcy Case in the amount of **$1,464.87**;

4.     Approve and direct the Trustee to immediately pay to Applicant the sum of **$454,922.00** from the funds on hand of the Estate for its interim professional fees;

5.     Approve and direct the Trustee to immediately pay to Applicant the sum of **$1,464.87** from the funds on hand of the Estate for its interim expenses; and, finally,

6.     Grant to Applicant such other and further relief to which Applicant may show itself to be justly entitled.

**Dated: November 14, 2025**                    Respectfully submitted,

                    GRABLE MARTIN PLLC

                    By:     /s/  *Mary Elizabeth Heard*
                         Mary Elizabeth Heard
                         State Bar No. 24096727
                         Shauna R. Martin
                         State Bar No. 24007606

                    7700 Broadway St. Ste. 104-308
                    San Antonio, Texas 78209
                    Road, Suite 140
                    Phone:  (210) 572-4925
                    Email:  smartin@grablemartin.com
                    Email:  meheard@grablemartin.com

                    SPECIAL COUNSEL FOR
                    MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties as shown below, on this 14th day of November, 2025.

| **DEBTOR:**<br>DZS Inc.<br>5700 Tennyson Parkway, Suite 400<br>Plano, TX 75024<br>**VIA ECF Noticing through its attorney** | **ATTORNEY FOR DEBTOR:**<br>Travis A. McRoberts<br>Baker Botts L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-1980<br>**VIA ECF Noticing** |
|---|---|
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |

/s/ *Mary Elizabeth Heard*
Mary Elizabeth Heard