**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-40712 |
| | § | |
| DZS INC.,[1] | § | (Chapter 7) |
| | § | |
| DEBTOR. | § | (Jointly Administered) |

**ORDER GRANTING MOTION TO COMPROMISE
CONTROVERSY WITH BOWEI TECHNOLOGY**

**CAME ON FOR CONSIDERATION** the *Trustee's Motion to Approve Compromise of Controversy with Bowei Technology* ("**Motion**") filed by Michelle H. Chow, Chapter 7 Trustee ("**Trustee**") for the Bankruptcy Estate of DSZ, Inc. and its affiliated entities, seeking approval of the settlement ("**Settlement**") with Bowei Technology ("**Bowei**"). The Court, after due deliberation and a review of the evidence presented, and seeing that no objection has been filed to the Motion by any interested party, finds that good cause has been shown for the relief sought. Accordingly, the Court finds as follows:

1. The Trustee's decision to compromise and settle with Bowei under the terms described in the Motion is fair and reasonable and in the best interest of the Estate, its creditors and parties in interest.

2. The decision to enter into the Settlement is a proper exercise of the Trustee's prudent business judgment.

3. The Motion complies with all applicable Fifth Circuit law regarding FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019.

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's Federal Tax Identification Number, include: DZS Inc. (9099), DZS Services Inc. (3763) and DZS California Inc. (3221). The location of the Debtors' service address is: 5700 Tennyson Parkway, Suite 400, Plano, TX 75024.

4.      Proper and adequate notice of the Motion has been given pursuant to the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rule 2002-1(f), and no other or further notice is necessary.

**IN CONSIDERATION OF THE FOREGOING**, the Court finds that the Motion should be and hereby is GRANTED in all respects.  Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Settlement is approved in all respects; it is further

**ORDERED, ADJUDGED and DECREED** that the Trustee is hereby directed and authorized to execute any and all documents necessary to effectuate the Settlement; it is further

**ORDERED, ADJUDGED and DECREED** that within ten (10) business days of this Order becoming final and nonappealable, Trustee shall have paid the sum of Two Hundred Thousand and 00/100 Dollars ($200,000.00) ("**Settlement Funds**") to Bowei via check delivered to Bowei Technology c/o Ning Ou-Yang, 5941 Willowross Way, Plano, TX 75093 and the Trustee will be deemed to have released Bowei, from any and all claims; it is further

**ORDERED, ADJUDGED and DECREED** that upon the Trustee's payment of the Settlement Funds, Bowei will be deemed to have released the Trustee, the estates, and the estates' professionals from any and all claims; it is further

**ORDERED, ADJUDGED and DECREED** that upon the Trustee's payment of the Settlement Funds, the Trustee, the estates, and the estate's professionals will be deemed to have released Bowei; it is further

**ORDERED, ADJUDGED and DECREED**, that within 14 days of receipt of the Settlement Funds, Bowei Technology will withdraw its proof of claim; it is further

**ORDERED, ADJUDGED and DECREED** that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**IT IS SO ORDERED**.

Signed on 12/11/2025

_____ SD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE